IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CONRAAD L HOEVER,

    Plaintiff,

v.                                            CASE NO. 4:13-cv-549-MW-GRJ

C. CARRAWAY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 5, Plaintiff's "Amended Motion Preliminary Injunction and a Temporary Restraining Order." Plaintiff initiated this civil rights case by filing a complaint and the undersigned has directed Plaintiff to amend his complaint to reflect only clearly related claims that stem from the same basic event or occurrence. (Doc. 4.) The amended complaint is due on or before November 15, 2013.

In his "Amended Motion to Issue a Preliminary Injunction and Temporary Restraining Order" (which is the first such motion filed in this case), Plaintiff requests an order directing defendants to stop harassing him and mishandling his mail, and specifically asks that Defendant Messer be prohibited from handling his mail. (Doc. 5.) Plaintiff filed a virtually identical motion–including the request that Defendant Messer be prohibited from handling his mail–in another pending case in this District, *Hoever v. Bellellis*, Case No. 4:13-cv-372-WS-CAS (Doc. 12.) The Magistrate Judge in that case has recommended that the motion for preliminary injunction and temporary restraining

order be denied because Plaintiff's conclusory allegations without supporting factual allegations did not demonstrate entitlement to a temporary restraining order or preliminary injunction. (Doc. 15.) The undersigned agrees with the reasoning set forth in that Report and Recommendation, which considered a motion virtually identical to the one pending in this case.

**Temporary Restraining Order**

Plaintiff has failed to demonstrate entitlement to a temporary restraining order. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, a court may issue a temporary restraining order without notice to the adverse party only if:

> [S]pecific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff has made no attempt to certify any efforts he has made to give notice to Defendants or why notice should not be required. Accordingly, his motion does not comply with Rule 65(b)(1)(B) and is procedurally defective on its face. Plaintiff also fails to identify the parties over whom he requests the Court exercise jurisdiction. This is especially problematic where Plaintiff has been directed to amend his complaint because his original complaint has misjoined multiple defendants. Furthermore, Plaintiff's has failed to show that immediate and irreparable injury will occur before Defendants can be heard.

**Preliminary Injunction**

Granting or denying a preliminary injunction is a decision within the discretion of

the district court.  *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.,* 112 F.3d 1125, 1126 (11th Cir. 1997)*,* citing *United States v. Lambert,* 695 F.2d 536, 539 (11th Cir. 1983)*.*  Guiding this discretion is the required finding that plaintiff establish:

>	(1) a substantial likelihood of success on the merits;
>
>	(2) a substantial threat of irreparable injury if the injunction were not granted;
>
>	(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant;  and
>
>	(4) that granting the injunction would not disserve the public interest.

*Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000)*; Carillon Importers, Ltd.,* 112 F.3d at 1126*; United States v. Jefferson County,* 720 F.2d 1511, 1519 (11th Cir. 1983)*.*  A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff.  *Jefferson County,* 720 F.2d at 1519, citing *Canal Auth. v. Callaway,* 489 F.2d 567 (5th Cir. 1974)*.*

Plaintiff makes generalized claims that prison officials have retaliated against him and mishandled his mail.  However, he does not allege substantial facts supporting a threat of irreparable injury.  Plaintiff is clearly able to prepare documents to submit to the Court, based on the filing of the instant motion and motions in other cases.  Based on the facts alleged in Plaintiff's motion, he fails to carry his burden of persuasion on any of the four factors warranting injunctive relief.  Plaintiff's allegations are not sufficient to invoke the drastic remedy of a preliminary injunction.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's

*Case No: 4:13-cv-549-MW-GRJ*

"Amended Motion Preliminary Injunction and a Temporary Restraining Order" (Doc. 5) be **DENIED**.

  **IN CHAMBERS** at Gainesville, Florida this 25th day of October 2013.

       *s/ Gary R. Jones*
       GARY R. JONES
       United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.