UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF FLORIDA, TALLAHASSEE DIVISION

SECOND AMENDED CIVIL RIGHTS COMPLAINT FORM BY
PRISONER IN ACTIONS UNDER 42 U.S.C. §1983 AND 42 U.S.C. §1985

CONRAAD L. HOEVER,
DC#L85966,
    Plaintiff,

Case No: 4:13-CV-549-MW-GRJ

v.

C. CARRAWAY,
R. MARKS, J. NUNEZ,
C. PAUL,
    Florida Dept. of Corr.,
    Defendants.
_____/

PROVIDED TO
MADISON CI
MAY 0 1 2014
FOR MAILING

## JURISDICTION AND VENUE

This is a Civil Action authorized by 42 U.S.C. §1983 to redress the deprivation, under color of State Law, of rights secured by the constitution of the United States and 42 U.S.C. §1985 to redress the conspiracy to deprive plaintiff of equal protection of laws, of rights secured by the Constitution of the United States.

This Court has jurisdiction under 28 U.S.C. Section 1331, 1343 (a) (3), and 1367. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure. The Court is authorized by 42 U.S.C. Section 1997 and under 42 U.S.C. Section 14141 to seek civil remedies against Franklin Corr. Inst. and the Florida Department of Corrections under the "Police Misconduct Statute."

Filed 05/06/14 USDC FLN 1PM 0122

THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA is an appropriate venue under 28 U.S.C. Section 1391 (b) (2) because it is where the events giving rise to these claims occurred.

## I. PLAINTIFF:

| | |
|---|---|
| Name of Plaintiff: | CONRAAD L. HOEVER |
| Inmate Number: | L85966 |
| Prison of Jail: | MADISON CORRECTIONAL INSTITUTION |
| Mailing address: | 382 SOUTHWEST MCI WAY |
| | MADISON, FLORIDA 32340 |

Plaintiff was at all times mentioned in this complaint a prisoner of the State of Florida in the custody of the Florida Dept. of Corr. at Franklin Correctional Institution in Carrabelle, Florida, and is currently housed at Madison Correctional Institution in Madison, Florida.

## II. DEFENDANT(S):

(1) Defendant's Name: C. Carraway
    Official Position: Correctional Officer
    Employed At: Franklin Corr. Inst.
    Mailing Address: 1760 Hwy. 67 North
    Carrabelle, Florida 32322-2199

(2) Defendant's Name: R. Marks
    Official Position: Correction Officer
    Employed At: Franklin Corr. Inst.
    Mailing Address: 1760 Hwy. 67 North
    Carrabelle, Florida 32322-2199

(3) Defendant's Name: J. Nunez
    Official Position: Sergeant
    Employed At: Franklin Corr. Inst.
    Mailing Address: 1760 Hwy. 67 North
    Carrabelle, Florida 32322-2199

(4) Defendant's Name: C. Paul
    Official Position: Correctional Officer/Now Sergeant
    Employed At: Franklain Corr. Inst.
    Mailing Address: 1760 Hwy. 67 North
    Carrabelle, Florida 32322-2199

Each Defendant is sued individually and in his or her official capacity. At all times mentioned in this complaint, each Defendant acted under color of State law and in active duty in their respective position at times of any infractions mentioned in this complaint.

**III.** Plaintiff used the grievance procedure available at the prison, pursuant to 42 U.S.C. §1997 (e) (●), without any result. He exhausted the grievance procedure all the way to Central Office;

**IV. PREVIOUS LAWSUITS**

A. Have you initiated other actions in **State Court** dealing with the same or similar facts/issues involved in this action? Yes ( )   No (**X**)

B. Have you initiated other actions in Federal Court dealing with the same or similar facts/issues involved in this action? Yes ( )   No (**X**)

C. Have you initiated other actions (besides those listed above in Questions (A) and (B) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong?

YES [X]   NO [ ]

If YES, describe e each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:

   a. Plaintiff(s): Conraad L. Hoever

   b. Defendant(s): Bellelis et. al.

2. District and Judicial Division: **N.D. Florida Tallahassee Division**

3. Name of Judge: Charles A. Stampelos-Case # 4:13-CV-372-WS/CAS

4. Approximate filing date: June 14, 2013

5. If not still pending, date of dismissal: Still Pending

6. Reason for dismissal: _____

7. Facts and claims of case: Civil Rights complaint

3

1. Parties to previous action:

    a. Plaintiff(s): **Conraad L. Hoever**

    b. Defendant(s): **Kenneth Tucker (CREWS)**

2. District and Judicial Division: **Leon County 2nd Judicial Circuit**

3. Name of Judge: **T.P. Lewis, Case # 2011-CA-3711**

4. Approximate filing date: **December 19, 2011**

5. If not still pending, date of dismissal: **Appeal**

6. Reason for dismissal: **Failure to exhaust admin remedies**

7. Facts and claims of case: **Writ of Mandamus to respond to Plaintiff's Grievance appeal rejected as being untimely.**

1. Parties to previous action:

    a. Plaintiff(s): Conraad L. Hoever

    b. Defendant(s): Kenneth Tucker

2. District and Judicial Division: Leon County, 2nd Judicial Circuit

3. Name of Judge: Charles Francis, Case #2011-CA-1245

4. Approximate filing date: May 5, 2011

5. If not still pending, date of dismissal: June 16, 2012

6. Reason for dismissal: Failure to exhaust administrative remedies

7. Facts and claims of case: Writ of Mandamus to investigate Plaintiff's allegations of April 2011.

1. Parties to previous action:

4

  a. Plaintiff(s): **Conraad L. Hoever**

  b. Defendant(s):**Michael Crews et. al.**

2. District and Judicial Division: **U.S. District Court N.D. Florida**

**Tallahassee Division**

3. Name of Judge: **Gary Jones, Case #4:13-CV-73-RH-GRJ**

4. Approximate filing date: **February 15, 2013**

5. If not still pending, date of dismissal:

6. Reason for dismissal: **Pending**

7. Facts and claims of case: **Civil Rights Complaint**

1. Parties to previous action:

  a. Plaintiff(s): **Conraad L. Hoever**

  b. Defendant(s): **Andrews et. al.**

2. District and Judicial Division: **U.S. District Court N.D. Florida**

**Panama City Division**

3. Name of Judge: **Gary R. Jones, Case #5:11-CV-254-MP-GRJ**

4. Approximate filing date: **April 19, 2011**

5. If not still pending, date of dismissal: **Appeal**

6. Reason for dismissal: **Failure to Comply with Court Order**

7. Facts and claims of case: **Civil Rights Complaint**

1. Parties to previous action:

  a. Plaintiff(s): **Conraad L. Hoever**

        b. Defendant(s):   **State of Florida**

2. District and Judicial Division **17th Judicial Circuit Broward County**

3. Name of Judge: **David Haimes, Case #07-4083-CF-10A**

4. Approximate filing date: **April 2012**

5. If not still pending, date of dismissal: **Pending**

6. Reason for dismissal: _____

7. Facts and claims of case: **In process to petition for Fed. Habeas Corpus.**

   D.   Have you ever had any actions in Federal Court dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed: Yes ( )   No (X)

## V.                         STATEMENT OF THE FACTS

1. Plaintiff is a prisoner of the State of Florida and currently housed at Madison Correctional Institution in Madison, Florida. He has several lawsuits pending in Federal Courts against prison officials of the Florida Department of Corrections (FDOC). All these Lawsuits are ongoing occurrences of continuing consequences and actions directly related to a campaign of customs, practice and collusion of reprisal by prison officials. These prison officials continue to pose threats and are conducting themselves in illegal practices in an effort to infringe upon Plaintiff's rights and deprive him from writing grievances and to complain regarding the conditions of his incarceration.

2. On June 6, 2013, Defendant P. Paul made a threat of physical harm (swore to stop anyone of the inmates from seeing the outside world ever again (that means place them in isolation forever), by any means possible, if they made a threat or say anything improper against any officer) toward inmates and that he will use chemical agents against inmates

6

to stop them from writing against officers or threatening them (officers) in any manner. Plaintiff thought that the threat was improper, but did not complain to prison official about that threat.

**3.**     On June 16, 2013, defendant Carraway deprived inmates (in E-1 Dorm where Plaintiff was housed) from watching part of the NBA (Basketball Playoffs) finals. Then he swore and threatened that any inmate who writes grievances or do anything would put himself in danger because he would get rid of anyone before anyone gets rid of him and that he would use all the canister full of chemical agents on them. Plaintiff wrote a grievance and indicated that Defendant Carraway's behavior was uncalled for and an abuse of authority. Both the informal grievance and the formal grievance were denied by prison officials indicating that after interviewing the defendant, he denied the allegations.

**4.**     Plaintiff filed two (2) separate grievances regarding two separate denials from the library officer Howard, to make copies for him on June 12, 2013, and June 14, 2013, respectively. Plaintiff also filed a grievance against the actions by defendant Carraway of June 16, 2013. While these actions/grievances were pending, on June 20, 2013, during game 7 of the NBA finals, Defendants Marks and Paul came to the dorm (E-1), they were not assigned to work in E-dorm that night, and took Plaintiff to the vestibule (setting him apart) and threatened Plaintiff indicating that he must stop writing grievances because (Defendant) Bellellis[1] had a stack of Plaintiff's grievances on his desk and that he (Defendant Bellelis) does not come to work to answer Plaintiff's grievances. They thrusted upon Plaintiff to promise that he would not write anymore grievances against

7

prison officials because only on that account would they let him go and not taking him to confinement (where apparently Defendant Marks was working) or face severe consequences for his remaining eleven (11) years in prison by their hands. Then when Plaintiff told them that he would not write anymore grievances, they told him that based on that account, he could go. Plaintiff then wrote a grievance on that particular threat and submitted it to prison officials. The Assistant Warden (E. Watson) denied the grievance and indicated that the case would be forwarded to the Inspector General's Office for further review. Upon separate request by Plaintiff, the referral number of Management Information Notification System (MINS) number was sent to Plaintiff as 000500788.

5. On June 29, 2013, at approximately 7:30 pm, Defendant Marks, who was not assigned to E-dorm, walked up to Plaintiff's bunk and said, "I saw your little grievance letter you wrote. It was very nice. I will see you next week!" Defendant Paul was watching afar off (by the door of the vestibule). Then Defendant Marks left. Immediately, Plaintiff wrote a grievance about this threat and referenced the June 20, 2013, incident. Defendant Bellelis returned the grievance indicating that he did not return a formal response because the threat used was abroad generalization and unclear what the intend or the severity of the act was. Then Plaintiff wrote a formal grievance for further administrative review and submitted it on July 16, 2013.

6. On July 20, 2013, Defendants Nunez and Hampton[2] got Plaintiff out of the lunch feeding line to stand in the sun by the fence. Then, after a while (just before they finished

---

[1] P. Bellelis is one of the defendants in case no.: 4:13-cv-372-WS/CAS.
[2] Defendant K. Hampton is one of the defendants in case no.: 4:13-cv-372-WS/CAS.

8

feeding), Defendant Hampton told Plaintiff to go eat and then return to the fence. When Plaintiff ate, he returned to the fence. Then when they were finished feeding, while Defendant Hampton was observing a few feet away, Defendant Nunez came to Plaintiff and told him to never again write a grievance against any prison official, especially Correctional Officer Paul, because Defendant Paul was "one of [his] boys." He pulled up his right hand shirt sleeve and asked Plaintiff to take notice of a tattoo close to his armpit (a face-like figure) and indicated that it was a symbol of the gang of prison officials affiliated with the gang he implicated himself and Defendant Paul to be members of that/who "don't give a fuck about people like you." Then he said that if one of Plaintiff's grievances come across Defendant Bellelis' desk or any other prison officials' desk about him, Defendant Paul or any of the gang members, he swears that he would starve Plaintiff to death and get him (Plaintiff) in confinement and empty a canister of chemical agent a day, everyday, on Plaintiff; and that his attacks on Plaintiff would not only consist of prison officials, but that he would also include some of "his" inmates, who work for the gang to help kill Plaintiff. He said that they have been doing this for years now and no one can stop them and that this was a formal and final warning to the Plaintiff and that he should have Plaintiff packing up his property "right now" for the last time, but would give him a final chance to straighten out before he, his gang members, that included inmates, launch their attack on Plaintiff to kill him. He continued by saying that, "however, the next grievance that would cross prison officials' desk with [Plaintiff's] name, would do it and be [Plaintiff's] death sentence."

Because the rules of the land require Plaintiff (through the Prisoner Litigation Reform Act (PLRA) to write a grievance regardless of the threat, plaintiff risked it all and did write a formal grievance of reprisal to the Warden. The defendant Bellelis responded to it and indicated that it would be considered partially approved because threats are being taken serious and "that it will be forwarded to the inspector's office MINS 10-B."

7. On July 24, 2013, Plaintiff filed a motion with the court in case no.: 4:13-CV-372-WS/CAS about the incident of threat with defendants Nunez and Hampton. After that, Defendant Nunez would stare at Plaintiff and mumbling vulgar, profane, and derogatory remarks toward Plaintiff every time he saw Plaintiff going to eat or around the compound. On August 2, 2013, when Plaintiff were about to get out of the chow hall, Defendant Nunez hasted himself outside and stood in front of the property department, where Plaintiff must walk by, in the presence of Sgt. Barber and officer Hathcock and when Plaintiff was walking by, he said, "you can kiss the Judge's butt. I am still here! I am not going anywhere. No one can do a damn thing to me. I do whatever I want and no one can stop me!" Plaintiff continued to walk and said nothing and did not turn to look at them. Plaintiff, again, filed an informal grievance to the Warden on August 3, 2013, and received a response by Defendant Bellelis indicating that the grievance is returned. Furthermore, Plaintiff did not tell anyone that he filed the motion with the Court. The probability exists that Defendant S. Messer opens Plaintiff's legal mail, after Plaintiff seals them in her presence and reports to prison officials about their content and/or destroy and obstruct plaintiff's mail (referenced in another complaint), and on 9/17/13,

Def. S. Messer and Sgt. Holley delivered legal mail to Plaintiff which was not opened in his presence, but before that.

**8.** While Plaintiff was in confinement, all the grievances he received (returned grievances) were opened by the Correctional officers and read. He turned in several requests (to property to send him his Bible; to legal mail for out going mail; and to law library for indigent envelopes) and have not received responses. On August 20, 2013, at approximately 2:00 a.m., two officers brought two opened grievances returned to Plaintiff (that were about the threats from the defendants in this case). Then about 20 minutes later, they returned with Defendant Paul who began to question Plaintiff why plaintiff wrote that he threatened him and to tell him when he did that? Plaintiff did not answer and they stared at Plaintiff for about one minute and then they walked away.

In the morning of August 22, 2013, at approximately 7:00 .am., Defendant V. Watson (Defendant in another lawsuit). Delivered the informal grievance he wrote against Defendant Nunez making the remarks in the presence of Sgt. Barber and officer Hathcock (see paragraph 8), and it was also opened.

**VI.**         **STATEMENT OF CLAIMS**

Plaintiff realleges and incorporates by reference paragraphs 1-8.

Defendants' compulsive efforts of threats, retaliation, harassment, and conspiracy against Plaintiff for writing grievances, filing lawsuits, and to complain about the conditions of his incarceration violated Plaintiff's rights, and constituted violations of the right to free speech under the First Amendment of the United States Constitution.

11

Defendants' compulsive efforts and conspiracy of threats, retaliation, harassment, resulted in him being placed in confinement (by Cpt. Fletcher; See other cases) and did not afford Plaintiff proper investigation and process and violated Plaintiff's rights, and constituted due process violations under the due process clause of the Fourteenth Amendment of the United States Constitution.

As a result of Defendants' actions, Plaintiff experienced physical injuries, personal humiliation, mental anguish, physical and mental intimidation, blemish to his prison record, impairment of his reputation, permanent defamation, and irreparable harm now and in the future.

Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this Honorable Court grants the declaratory and injunctive relief which Plaintiff seeks.

**VII.**               **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enters judgment granting Plaintiff:

1.  A declaration that the acts and omissions of acts described herein violated Plaintiff's rights under the Constitution and laws of the United States.

2.  Preliminary and permanent Injunctions:

   I.  Ordering all the defendants to stop harassing, retaliating, and threats against the Plaintiff.

   II.  ~~To immediately and permanently ban Defendant S. Messer from handling any mail from the Florida Department of Corrections.~~

   III.  ~~To file federal mail fraud charges against Defendant S. Messer and~~

12

~~that she be criminally prosecuted for these charges.~~

2. Ordering all the defendants to stop depriving inmates from the aforementioned Constitutional rights.

3. Compensatory damage in the amount to be determined by the jury for the injuries and pain and suffering to the Plaintiff against each Defendant, jointly, and severally.

4. Punitive damages in the amount to be determined by the jury against each defendant.

5. A jury trial on all issues triable by jury.

6. Plaintiff's costs in this lawsuit.

7. Any additional relief this Honorable Court deems just, fit, proper, and equitable.

## UNNOTARIZED OATH

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENT OF FACTS, ARE TRUE AND CORRECT.

Signed this: 5/1/2014 (date) _____ (signature of Plaintiff)

13

## IF MAILED BY PRISONER:

I declare under penalty of perjury that this complaint was delivered to prison officials for mailing on this 1st day of May 2014.

Conraad L. Hoever #L85966
Plaintiff, pro se
Madison Correctional Institution
382 Southwest MCI Way
Madison, Florida 32340-4430

MAILED FROM
MADISON CORRECTIONAL
INSTITUTION

Hoever, Conraad #L85966

MADISON CORRECTIONAL INSTITUTION
MADISON, FL 32340

Clerk of Court
U.S. District Court
N.D. of Florida
111 North Adams Street,
Suite 322
Tallahassee, FL 32301-7714

LEGAL MAIL
ONLY