IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CONRAAD HOEVER,

     Plaintiff,

v.                                                     CASE NO. 4:13-cv-549-MW-GRJ

C. CARRAWAY, et al.,

     Defendants.

_____/


**REPORT AND RECOMMENDATION**

     Plaintiff, an inmate at Madison Correctional Institution, has filed a *pro se* Second Amended Complaint under 42 U.S.C. § 1983, asserting claims against four defendants. (Doc. 34.) On two prior occasions, the Court has ordered Plaintiff to file an amended complaint because his original and First Amended complaints set forth a litany of unrelated events and claims.  (Docs. 4, 31.)  In his Second Amended Complaint, Plaintiff has significantly narrowed the scope of his Defendants and claims.  However, while the claims against Defendants Marks, Nunez, and Paul appear sufficiently related, Plaintiff's claims against Defendant Carraway are not.  For the reasons discussed below, it is recommended that Defendant Carraway be dismissed from the action. Service will be directed on Plaintiff's behalf as to Defendants Marks, Nunez, and Paul by separate order.  In Plaintiff's Second Amended Complaint (Doc. 34), he makes the following allegations as to each Defendant:

     **Carraway**: On June 16, 2013, Defendant Carraway deprived inmates in the E-1 Dorm from watching televised basketball and threatened that "any inmate" who wrote a grievance with physical harm.  Plaintiff wrote a grievance about Defendant Carraway's

behavior.

**Marks:** On June 20, 2013, Defendant Marks (along with Defendant Paul) came to Plaintiff's dorm and told him that he had to stop writing grievances and made him promise to stop writing grievances or they would not let him go.  Defendant filed a grievance about the incident, and on June 29, 2013, Defendant Marks came to Plaintiff's bunk and said "I saw your little grievance letter you wrote.  It was very nice.  I will see you next week!".

**Paul:** On June 6, 2013, Defendant Paul made a generalized threat of harm against "anyone of the inmates" to "stop them from writing against officers".  (Doc. 34, p. 7.)  On June 20, 2013, Defendant Paul (along with Defendant Marks) came to Plaintiff's dorm and told him that he had to stop writing grievances and made him promise to stop writing grievances or they would not let him go.

**Nunez**: On July 20, 2013, Defendant Nunez told Plaintiff to never write a grievance against any prison official, especially Defendant Paul, and if he did, he would starve Plaintiff to death, spray him with chemical agents, and cause him to be attacked or killed by prison employees and inmates.  He told Plaintiff that the next grievance he filed would be "a death sentence."  Defendant Nunez also displayed a tattoo that Plaintiff interpreted to be an indication that Nunez and Paul were in a gang together.  Plaintiff filed a grievance about Defendant Nunez's actions that was forwarded to the inspector general's office.  Defendant Nunez subsequently stared, mumbled, and made derogatory remarks to Plaintiff.

## STANDARD OF REVIEW

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an

act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

### *Misjoinder*

Federal Rule of Civil Procedure 20(a)(2) states that multiple defendants may be joined in the same action only if, first, "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences."  Second, there *must* be a "question of law or fact common to all defendants" in the action.  Both prongs of the test must be met in order for joinder to be appropriate.  *See Don King Prods., Inc. V. Colon-Rosario, et al.*, 561 F. Supp. 2d 189, 191 (D. Puerto Rico 2008).

Even where joinder is proper, the Court may sever defendants based on

considerations of fundamental fairness,

> pursuant to the Court's discretionary authority set forth in Federal Rules of Civil Procedure 20(b) and 21. *Lenon v. St. Paul Mercury Ins. Co.,* 136 F.3d 1365, 1371 (10th Cir.1998) (Rule 21 permits the district court "considerable discretion" to dismiss parties "on such terms as are just"); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1296 (9th Cir.2000) (court may sever claims under Rule 20 if joinder would violate "fundamental fairness" or result in prejudice to either side). Even when the specific requirements of Rule 20 are satisfied, the Court must consider whether permissive joinder "will comport with the principles of fundamental fairness" or cause undue prejudice to any party. *Desert Empire Bank v. Ins. Co. of N.A.,* 623 F.2d 1371, 1375 (9th Cir.1980); *see also Intercon Research Assoc., Ltd. v. Dresser Indus.,* 696 F.2d 53, 58 (7th Cir.1982) (permissive joinder should be denied where it would create undue prejudice, expense, or delay).

*Malibu Media, LLC v. John Does 1-5*, No. 12-cv-1405-WJM, 2012 WL 3030300, *3 (D. Colo. July 25, 2012).

Under Federal Rule of Civil Procedure 21, the proper remedy for improper joinder of parties is not dismissal of the case in its entirety. Rather, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." *Id.* Here, while the claims against Defendants Marks, Paul, and Nunez appear sufficiently related so as to proceed, Plaintiff's claims against Defendant Carraway do not arise out of the same "transaction, occurrence, or series of transactions or occurrences" as those against the other Defendants. Fed. R. Civ. P. 20(a)(2). Plaintiff has been given multiple opportunities to amend his complaint, and at this juncture in the procedural history of this case, dismissal of Defendant Carraway is proper so that the case can proceed to service.

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Defendant Carraway be dismissed without prejudice from this case pursuant to Fed. R. Civ. P. 21 as an improperly joined defendant.

**IN CHAMBERS** at Gainesville, Florida, this 15th day of May 2014.

*s / Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**