IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CONRAAD L. HOEVER,
Inmate No. L85966,
    Plaintiff,

10/31/2014
CH

V.

Case No. 4:13-cv-549-MW-GRJ

R. MARKS, et.al.,
    Defendants.    /

## MOTION IN OPPOSITION OF DEFENDANTS' MOTION TO DISMISS.

COMES NOW, Plaintiff, Conraad L. Hoever #L85966, acting pro se, and respectfully moves this Honorable Court with this instant motion in opposition of Defendants' Motion to dismiss and submits in support thereof the following:

### STATEMENT OF THE FACTS

Plaintiff realleges by reference his Second Amended Complaint, DOC. 34, and the allegations stated within suplemented with those in this argument, Infra.

## ARGUMENT AND MEMORANDUM OF LAW.

I. **Plaintiff Diligently, Truthfully, And To The Best Of His Ability Disclosed His Litigation History.**

Defendants vilified Plaintiff and labeled him as one who lacked candor. This is untrue and repulsive. Defendants' argument that "Plaintiff failed to fully and truthfully disclose his prior [sic] Litigation history" is misleading. They simply attempted to negatively invoke the Court by using about ten(10) pages, as a copycat, mimicking in an unjustly manner a report by Judge Jones in *Hoever v. Bockelman*, Case no. 4:14-cv-275-RH-GRJ, without knowing the "nitty gritty" that these facts are irrelevant to this case at bar (especially since it was filed after this case).

**In a Nutshell;**

On May 1, 2014, Plaintiff filed case numbers 4:14-CV-220-RH-CAS; 4:14-CV-229-RH-GRJ; and the Second Amended case no. 4:13-CV-549-MW-GRJ (current case at bar).

On June 6, 2014, he filed case numbers 4:14-CV-273-WS-CAS; 4:14-CV-274-MW-CAS; and 4:14-CV-275-RH-GRJ. Those were submitted for typing on May 6, 2014: Meaning they were prepared prior to that date (May 6, 2014). It is also noteworthy that five(5) of these six cases emerged by Court Instruction from previously filed cases (including the original case here at bar 4:13-cv-549-MW-GRJ).

The three(3) cases filed on June 6, 2014, are clearly factors outside the pleadings in this case. This case at bar was filed on May 1, 2014, while the Comments Defendants referred to were from one of the cases filed on June 6, 2014. (well after May 1, 2014). No reasonable person with common sense would dare to use any of the remarks made after June 6, 2014, pertaining to the June 6, 2014, filing as it would pertain to the May 1, 2014, case(s).

2

Defendants have no reason to use them to slander the Plaintiff. Therefore, Plaintiff will not scoop to that level to argue these facts that are irrelevant to this matter before the court. The Law limits Plaintiff to argue other violations Defendants committed against other prisoners, it must also limit Defendants to litigate irrelevant facts not before this court, or not argued by Plaintiff. The law has its limits.

As to Defendants' argument in Doc. 45 at 9 that "Plaintiff: (1) intentionally failed to disclose <u>Tucker</u>; (2) intentionally misrepresented the status of <u>Crews</u> and <u>Parker</u> to obscure the fact that they were dismissed pursuant to 28 U.S.C. § 1915(e)(2); and (3) stated that he never had an action filed in federal court dismissed as frivolous, malicious, for failure to state a claim or prior to service. [Doc. 34, Pg. 3-6]," Plaintiff asserts the following:

(1) Intentionally failed to disclose <u>Tucker</u>.

It is clear from the record, that Plaintiff did include two (2) cases of <u>Hoever v. Tucker</u>. He accidently crossed one out when he was reviewing the document thinking that the same information was duplicated. A reasonabe demonstration analogous to this is when he enclosed two similar cases in one envelope in this case and case no. 4:13-cv-73-RH-GRJ and the court (clerk) apparently distroyed one sets of document because by appearance it appeared to be a duplicate set of one document. Plaintiff never accused the court of intentionally distroying the documents, but prudently determined it to be a mistake. Just the opposite of what Defendants want this court to believe here. Not only should pro se litigants pleadings be construed liberally, -("Pro se pleadings are held to less stringent standard than pleadings drafted by attorneys and are liberally construed") (<u>Bingham v. Thomas</u>, 654 F. 3d 1171, 1175 (11th Cir. 2011) - but ("pro se prisoners must be given additional leeway because of their circumstances as prisoners") <u>Page v. Diguglielmo</u>, 544 U.S. 416, 543, 125 SCt. 1807, 1813, 161 L Ed. 2d 669 (2005) (citation omitted).

3

(2) Intentionally misrepresented the status of <u>Crews</u> and <u>Parker</u> to obscure the fact that they were dismissed pursuant to 28 U.S.C. §1915(e)(2).

Defendants used the word "Intentionally" to mislead the Court and to find favor in the Court's sight, but have no feasible argument to demonstrate Plaintiff's intentions. On the contrary, Plaintiff avers that he did not count them as strikes (as of yet) because the law requires a strike to be counted as such upon exhaustion of all available remedies as explained by the Court in <u>Coleman v. Tollefson</u>, 733 F.3d 175, 176-179 (6th Cir. 2013) ("We recognize that several Circuits have held that dismissal does not count as a strike until the litigant has exhausted or waived his appellate rights") at 178 referencing the cases from the different circuits that included <u>Thompson v DEA</u>, 492 F.3d 428, 432 (DC Cir. 2007) Stating that ("Dismissal cannot count as strike under PLRA if appeal from dismissal is pending").

As of this undersigned date, none a Plaintiff's cases has been waived for appeal or has the appeals process exhausted. <u>Crews</u> has an appeal pending; Parker was reinstated on August 15, 2014, and then again dismissed on October 8, 2014, and the motion to vacate that judgment handed to prison official for mailing on October 24, 2014.

Therefore, the laws cited above disprove Defendants' claim that Plaintiff misrepresented the statuses of <u>Crews</u> and <u>Parker</u>. And if he did not, this cannot be intentionally misrepresented, and Defendants' motion to dismiss is meritless.

4

(3) <u>Stated that He Never Had An Action Filed In Federal Court Dismissed As Frivolous, Malicious, For Failure To State A Claim Or Prior To Service.</u>

The above argument in subheading "(2)" answers this allegation by Defendants. See <u>Coleman V. Tollefson</u>, supra; and <u>Thompson V. DEA</u>, supra.

Defendants used a myriad of citations in a vainness effort to mislead the Court Doc. 45 at 9-11. With the exception of two (2) cases (<u>Hood V. Tompkins</u>, and <u>U.S. V. Roberts</u>) which do not viably support their efforts or contradict Plaintiff's actions (being irrelevant to explain whether or not Plaintiff abused the Process)) none of the citations used by the Defendants are binding. ("A decision of a federal district Court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case"). <u>Camreta V. Greene</u>, ___ U.S. ___, 131 S.Ct. 2020, 2033 (U.S. 2011).

Therefore, the Court must conclude that Defendants' attempt to mislead the Court with this argument is futile and without foundation.

Defendants, on the otherhand, lied and are untruthful by clear and convincing evidence, that is clear on the face of the record they referred to, when they asserted that in case no. 4:14-CV-273-WS-CAS that "Judge Stampelos dismissed <u>Hoever V. Capers</u> for abuse of the judicial process. Doc. 5" Doc 45 at 14. The record (Doc. 5) conclusively refutes Defendants' assertion. Nowhere on the record, as of this, undersigned, date is it stated and no order ever rendered that <u>Hoever V. Capers</u>, was dismissed. What further clearly demonstrates that Defendants' motion to dismiss is fictitious; is the comment by Judge Stampelos in that same case, Doc 5 at 2, that ["When] because

5

Plaintiff file two(2) other cases simultaneously with this case, [while] plaintiff was not required to acknowledge the last two cases because he submitted them with this case and could not report a case number, ...." And Judge Stampelos said the same in <u>Andrews, 4:14-CV-274-MW-CAS</u>, Doc 5 at 2.

However, the Villainous Defendants maliciously perverted Judge Stampelos' statement that he dismissed <u>Capers</u>, and are defaming the Honorable Judge Stampelos' good name and reputation. Judge Stampelos is a good and prudent Judge who gives both sides equal and an equitable opportunity to present their cases before him.

Defendants also asserted that the court dismissed <u>Hoever v. Bockelman</u>, 4:14-CV-275-RH-GRJ. Doc. 45 at 14-15. This is another calculated effort of misrepresentation to mislead the court. Plaintiff avers that <u>Hoever v. Bockelman</u>, was filed after May 1, 2014, (when this case at bar was filed). It was filed on June 6, 2014, and has no relevance or influence on the information Defendants attempted to slander the plaintiff with.

The Court must discern that it is the Defendants, and counsel representing them, abusing the legal process and in a detestable, cowardly, and calculated manner attempt to slander Plaintiff by abusing the authority obtained by virtue of the State (both FDOC and Office of the Attorney General) to violate the Law they have SWORN to uphold, to fabricate lies in an attempt (especially detrimental to Plaintiff) to avoid taking responsibility and being accountable of their harshly repulsive and vile treatment and actions in which they threatened Plaintiff and forbade him to write grievances about their violations/actions.

Wherefore, Plaintiff prays that this Honorable Court impartially rule, as to what is right and just and not to let Defendants' volley obscure a just ruling, to deny Defendants' motion to dismiss. "("A district court may impose sanctions

6

if a party knowingly files a pleading contained [sic] false contentions"), citing Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006)."Doc 45 at 9. There is factual evidence clear and convincing that Defendants presented false information (that case is dismissed by Judge Stampelos)etc), therefore, subject to sanctions.

Contrary to common and popular belief, sanctions must be equally imposed on parties regardless of their affiliation and "pleadings drafted by attorneys must be held to stringent standards" Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)(citation deduced by premises). ("If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it."). See, e.g., United States v. Roberts, 308 F.3d 1147 (11th Cir. 2002). Doc. 45 at 9-10.

Here the Defense demonstrated that it is well aware of the fact that misrepresentation (euphemistically used for lying) of facts will not be tolerated by the court, but dares the Court instead to tolerate it from Defendants in the hope of sanctioning the plaintiff. Thereby, demonstrating their abuse of the judicial process. ("For the cause of action to exist, there must be a use of the process for an immediate purpose other than that for which it was designed") This is how the Eleventh Circuit explained "abuse of process" Coursen v. J.P. Morgan Chase & Co., 24 Fla.L.Weekly Fed.nai 9.D143(11th Cir.Sept.20,2013). Abuse of process is present when one can prove or alleges that the course of process had a different purpose than it is intended for. Based on these from the Court it is clearly observable that it is rather the Defendants' intentions rather than Plaintiff's to abuse the legal process believing that they deserve some type of favoritism. Coursen at 148.

II. **Defendants Violated Plaintiff's Fourteenth Amendment Rights.**

Plaintiff, as a prisoner, can claim a Fourteenth Amendment Due process violation if Defendants' actions caused him an atypical hardship and disruptive environment. ("[Prisoners may] claim the protections of Due process to protect a liberty interest") Wolff v. McDonnel, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed. 2d 935 (1974). ("[A] prisoner can claim a protected liberty interest:...(2) where restraint imposes atypical and significant hardship on the inmate in relation to the ordinary incident of prison life such that there is a major disruption in his environment"). Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 2300-01, 132 L.Ed. 2d 418 (1995).

Defendants' action prohibiting and threatening Plaintiff with death threats of starvation and physical harm with chemical agents and by other inmates who perform killings of other inmates by their command[1] causes enough hostility and a major disruption in the environment of any reasonable person and, therefore, met the threshold inherented in Sandin id. to impose atypical and significant hardship - liberty interest - in Plaintiff's prison environment. ("Prisoners enjoy freedom of speech and religion under the First- and Fourteenth Amendments"). Pell v. Procunier, 417 U.S. 817, 825, 94 S.Ct. 2800, 2804, 41 L.Ed. 2d 495 (1974).

Furthermore, Fla. Admin. Code Rule 33-103.001(2) states that "Each inmate shall be entitled to invoke the grievance procedure regardless of any disciplinary, classification or other administrative action or legislative decision to which the inmate may be subject."

Wherefore, based on the aforementioned, Defendants violated Plaintiff's Due process (14th Amendment rights) and their motion to Dismiss should be denied.

---

[1] A trusted source indicated that Defendant Nunez is under investigation, if not arrested for ordering inmates to attack other inmates.

8

## III. Plaintiff Exhausted All Remedies On All Claims.

Defendants' argument and assertion that Plaintiff failed to exhaust all his administrative remedies is flawed and meritless. The paragraph in which Plaintiff explained Defendant Paul's June 6, 2013, incident was used to demonstrate the pattern of his behavior. Plaintiff, therefore, expressly stated that he did not filed a grievance about it to also indicate that he is not suing him based on that incident, but about the June 20, 2013, threat he concerted with Defendant Marks.

Plaintiff properly and completely exhausted the June 20, 2013, incident by filing an informal grievance on June 24, 2013, a formal grievance on July 3, 2013, and an appeal on July 27, 2013. ("Compliance with prison grievance procedure is all that is required by the Prison Litigation Reform Act for prisoner to properly exhaust his administrative remedies") Jones v. Bock, 549 U.S. 199, 218, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)... Exhaustion of remedies requirement of the Prison Litigation Reform Act is designed to alert prison officials to problem, and not to provide personal notice to particular officials that he may be sued"). Parzyck v. Prison Health Services, Inc., 627 F.3d 1215, 1217 & 1218 (11th Cir. 2010). Plaintiff properly exhausted the claim that Defendant Paul and Marks approached and threatened him not to write any other grievance.

Wherefore, Defendants' argument that he failed to properly exhaust a claim he did not sue Defendants for is a meritless effort to mislead the Court and parties in this cause, and the Court must deny Defendants' motion to dismiss Plaintiff's Complaint.

9

## IV. Defendants Are Not Entitled To Eleventh Amendment Immunity.

Plaintiff sued Defendants in their individual capacity for damages and in their official capacity for injunctions. Defendants are not immune from suits for injunctions in their official capacity. ("When a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes"). <u>Virginia Office for Protection and Advocacy v. Stewart</u>, ___ U.S. ___, 131 S.Ct. 1632, 1638, 179 L.Ed. 2d 675 (U.S. 2011).

Defendants are not immune from suits for damages in their individual capacity when they violate clearly established rights; which is the case here. ("The doctrine of qualified immunity, which operates the same under both §1983 and <u>Bivens</u>, 'protects public officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' <u>Quoting Wilson v. Layne</u>, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed. 2d 818 (1999)") <u>Hernandez v. U.S.</u>, 2014 WL 2932598 *5 (5th Cir. 2014). <u>See</u> also <u>Wilson v. Blankenship</u>, 163 F.3d 1284, 1288 (11th Cir. 1998) ("Qualified immunity protects government officials from civil trial and liability when their conduct in performing discretionary functions violates no clearly established statutory or Constitutional rights of which a reasonable person would have known.")

Using the above standards, one can examine this issue using these (following) laws:

<u>Fla. Admin. Code Rule 33-103.001(2)</u> states: "Each inmate shall be entitled to invoke the grievance procedure regardless

of any disciplinary, classification or other administrative action or legislative decision to which the inmate may be subject." See also Fla. Admin. Code Rule 33-302.101(6) "No action shall be taken in retaliation against an offender for the filing of a grievance."

In O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) (per curiam)(Affirmed on other grounds) it is held that ("The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). "It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison administrators about the conditions of his confinement." Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008) citing Farrow, 320 F.3d at 1248").

Examining these, clearly demonstrates that Defendants have no excuse or reason to deceive anyone as if they were not deliberately acting with malice and with a state of mind knowing that their conduct was in violation of the law. Therefore, ought to know that they cannot claim immunity because the conduct was not discretionary, but deliberately evil. ("For a Constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right Hope v. Pelzer, 536 U.S. 730, 739, 122 S.Ct. 2508, 2515, 153 L.Ed. 2d 666 (2002)"). Fils v. City of Aventura, 647 F.3d 1272, 1291 (11th Cir. 2011) see also Morris v. Town of Lexington Alabama, 748 F.3d 1316 (11th Cir. 2014) at 1322; Caldwell v. Warden FCI Talladega, 748 F.3d 1090, 1102 (11th Cir. 2014) Wherefore, based on the aforementioned, Defendants are not entitled to any form of Eleventh Amendment Immunity and their motion to dismiss Plaintiff's complaint has no merit and should be denied.

## V. Plaintiff's Claims For Compensatory And Punitive Damages Are Not Barred.

It is imperative to distinguish two concepts here. The first is that the lack of physical injury does not bar Plaintiff from seeking compensatory and punitive damages outside Eight Amendment excessive force claims that are not related to physical injury; And Second, even when a constitutional violation would lack physical injury to seek money damages, the PLRA only bars compensatory, but not nominal and punitive damages.

Several courts had made that determination clear. The Seventh Circuit referenced ruling in several Circuits such as those in Rowe V. Shake, 196 F.3d 778, 781-82 (7th Cir. 1999) and the Tenth Circuits in Searles v. Van Bebber, 251 F.3d 869, 879-81 (10th Cir. 2001) that "in the context of First Amendment claims we have held explicitly that prisoners need not allege physical injury to recover damages because the deprivation of the constitutional right is itself a cognizable injury, regardless of any resulting mental or emotional injury (nominal and punitive damages for First Amendment violations not barred" Calhoun V. DeTella, 319 F.3d 936, 939 (7th Cir. 2003) See also references included from the Second, Third, and Ninth Circuits.

Plaintiff asserts, that this makes perfect sense because absent such ruling it would mean (as Defendants want the court and parties to believe) that Congress intended that prison officials had the freedom to violate all possible constitutional rights of prisoners without retribution as long as they did not resulted into physical damage: That would have been a violation of the Constitution by itself.

12

Calhoun v. DeTella, supra, at 939 also states that "Physical injury need not result from the punishment in question for a prisoner's civil complaint to state a cause of action against a governmental entity, for the wanton infliction of psychological pain is also prohibited." And that the wanton infliction of psychological pain without penological justification does not have to result in serious injury to violate the law and that their physical injury need not to result to state a cause of action because that psychological pain wantonly inflicted is prohibited. (citation omitted) Citing Gregg v. Georgia, 428 U.S. 153, 173, 183, 96 S. Ct. 2904, 49 L. Ed. 2d 859 (1976) and Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992).

The court in Calhoun then compared those rulings with Harris v. Garner, 190 F.3d 1279, 1282, 1287-88 & n. 9 (11th Cir.) The rulings in Harris, id were modified in Harris v. Garner, 216 F.3d 970, 980-81 (11th Cir. 2000) (citation omitted) in which it was made clear that nominal and punitive damages are not barred, but for mental and emotional injury only for the time of incarceration for Fourth, Eighth, and Fourteenth Amendments violations, and leaves uneffected all other claims for (monetary) damages for other violations within these Amendments and for other injuries. And that mental and emotional claims for monetary damages may be refiled after release from prison for those claims that did not cause physical damages. Additionally, it explained that the purpose of congress was not to create additional punishment to prisoners such that prison officials could injustly inflict wanton and malicious pain to prisoners without retribution, but to stop frivolous lawsuits by prisoners. The death threats were unjustifiable infliction of psychological pain that a reasonable person would not be able to endure.

13

Wherefore, based on the aforementioned, Plaintiff has demonstrated that Defendants' contention that his claims for compensatory and punitive damages are barred by the PLRA for lack of physical injury is without foundation and the court should deny Defendants' Motion to dismiss.

## VI. Plaintiff's Request For Injunctive Relief Is Not Moot.

The fact that Plaintiff is temporarily no longer at the prison(s) where the improprieties occurred does not moot his request for injunctive relief. There are many variables of scenarios where either Plaintiff may return to these prison(s) or Defendants may transfer to a prison where Plaintiff will be housed. Both these scenarios are practical since Plaintiff is still incarcerated within FDOC and many (most) of the Defendants are still employed with the FDOC. ("When an impropriety is capable of repetition in the near future, a case cannot be moot.") Oliver V. Scott, 276 F.3d 736, 741 (5th Cir. 2002) Citing Honig V. Doe, 484 U.S. 305, 318-19, 108 S.Ct. 592, 98 L.Ed. 2d 686 (1988).

The burden rests with Defendants to prove that neither of the two (2) scenarios mentioned above are not capable of occuring; which they failed to demonstrate, but rather used empty words. ("A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur. United States V. Concentrated Phosphate Export Assn., 393 U.S. 199, 203, 89 S.Ct. 361, 21 L.Ed. 2d 344 (1968). The 'heavy burden of persua[ding]' the Court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness. Friends of the Earth Inc. V. Laidlaw Environmental Servs.[TOC] Inc., 580 U.S. 167, 189, 120 S.Ct. 693, 708

14

(U.S. 2000)(alterations in original).

Defendants did not present any evidence, hypothesis, or scenario to demonstrate that there is no likelyhood that the alleged wrongful behaviors could notrecur.

WHEREfore, Defendant failed to demonstrate that Plaintiff's request for injunctive relief is moot, and the Court must therefore deny Defendants' motion to dismiss.

## CONCLUSION

(1) Plaintiff demonstrated that he did not abuse the judicial process and that he diligently made the best effort possible to properly disclose the litigation history with the knowledge of facts he had available and that his actions did not meet the threshold to be abuse of process. ("Abuse of process is present when one can prove or alleges that the course of process had a different purpose than it is intended for") <u>Coursen v. J.P. Morgan Chase & Co.</u>, 24 Fla.L.Weekly Fed. no. 19. D143 (11th Cir. Sept. 20, 2013) at 148.

(2) Plaintiff did not fail to state a claim. ("In order to prevail on a civil rights action under §1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of State law. <u>Almand v. Dekalb County</u>, Georgia, 103 F. 3d 1510, 1513 (11th Cir) (Cert. denied) 522 U.S. 966, 118 S.Ct. 411, 139 L.Ed. 2d 314 (1997)") <u>Griffin v. City of Opa-Locka</u>, 261 F.3d 1295, 1303 (11th Cir. 2001), see also <u>Myers v. Bowman</u>, 713 F.3d 1319, 1328 (11th Cir. 2013).

("We construe pro se complaints liberally and may only dismiss a pro se complaint for failure to state a claim if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (<u>Silva v. Divittorio</u>, 658 F.3d 1090, 1101 (9th Cir. 2011)

15

(3) Plaintiff properly exhausted his administrative remedies. ("Compliance with prison grievance procedure is all that is required by the Prison Litigation Reform Act for prisoners to properly exhaust his administrative remedies <u>Jones v. Bock</u>, 549 U.S. 199, 218, 127 S.Ct. 910, 166 L.Ed. 2d 798 (2007)." "Exhaustion of remedies requirement of the Prison Litigation Reform Act is designed to alert prison officials to problem, and not to provide personal notice to particular official that he may be sued"). <u>Parzyck v. Prison Health Services, Inc.</u>, 627 F.3d 1215, 1217 and 1218 (11th Cir. 2010).

(4a) Plaintiff propely seeks injunctive relief from Defendants in their official capacity. ("When an impropriety is capable of repetition in the near future, a case cannot be moot <u>Honig v. Doe</u>, 484 U.S. 305, 318-19, 108 S.Ct. 592, 98 L.Ed. 2d 686 (1988)") <u>Oliver v. Scott</u>, 276 F.3d 736, 741 (5th Cir. 2002). ("A case might become moot if the party asserting mootness, having the 'heavy burden' can pursuade the Court that the challenged conduct cannot reasonably be expected to start up again") <u>Friends of the Earth Inc., v. Laidlaw Environmental Servs, (TOC) Inc.</u>, 528 U.S. 167, 189, 120 S.Ct. 693, 708 (U.S. 2000) (Citation omitted).

("When a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the state for sovereign-immunity purposes"). <u>Virginia Office for Protection and Advocacy v. Stewart</u>, ___ U.S. ___, 131 S.Ct. 1632, 1638, 179 L.Ed. 2d 675 (2011).

(4b) Plaintiff properly seeks monetary damages from Defendants in their individual capacity. ("Nominal and punitive damages are not barred by the PLRA absent physical injury" and "Compensatory damages can be awarded for wanton affliction of psychological pain without penelogical justification" <u>Calhoun v. DeTella</u>, 319 F.3d 936, 939 (7th Cir. 2003); And <u>Harris</u>

16

v. Garner, 216 F.3d 970, 980-81 (11th Cir. 2000)(Citations omitted). Defendants become individually liable when they violate clearly established statutory or constitutional rights. ("The doctrine of qualified immunity, which operates the same under both §1983 and Bivens, 'protects public officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Quoting, Wilson v. Layne, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed. 2d 818 (1999)"). Hernandez v. U.S., 2014 WL 2932598 *5 (5th Cir. 2014).

(5) Plaintiff's case has merit and should not be dismissed as frivolous(malicious or failure to state a claim). (Judges are allowed only to dismiss complaints that are frivolous: which means they are without factual allegations and the factual contentions are clearly baseless")(Citation omitted). Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833 (U.S. 1989) (affirmed on other grounds) see also Silva v. Divittorio, supra.

WHEREFORE, based on the aforementioned, Plaintiff respectfully prays that this Honorable Court scrutinize all the arguments before it to recognize that Defendants' Motion to dismiss is misleading, has no merit, and is without foundation and therefore deny Defendants' Motion to dismiss.

Respectfully submitted,

Conrad L. Hoever #L85966
Plaintiff, pro se
RMC, West Unit
P.O. Box 628
Lake Butler, FL 32054-0628

## VERIFICATION

I DECLARE UNDER THE PENALTY OF PERJURY, that I have read the foregoing instrument and that the statement and facts within are true and correct.

Respectfully submitted,

Conrad L. Hoever #L85966
Plaintiff, pro se.

## CERTIFICATE OF SERVICE

I HEREBY DECLARE that I placed true and correct copies of this instrument in the hands of prison officials at the RMC, West unit for mailing to: (1) Clerk of Court, U.S. District Court, N.D. of Florida, 401 SE 1st Avenue, Suite 243, Gainesville, Florida 32601-6805 and (2) Office of the Attorney General, by Eric Gonzalez, Esq., Assistant Attorney General, The Capitol, PL-01, Tallahassee, Florida 32399-1050 on this 31st day of October 2014.

Respectfully submitted,

Conrad L. Hoever #L85966
Plaintiff, pro se.

18

Conrad HOEVER #L85966
RMC, West Unit
P.O.Box 628
Lake Butler, FL 32054-0628

Clerk of Court
U.S. District Court
N.D. of Florida
401 SE 1st Avenue
Suite 243
Gainesville, FL 32601-6805

LEGAL MAIL ONLY

10/31/2014
CH

10/31/2014
CH