IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CONRAAD L. HOEVER,

      Plaintiff,

v.                                   CASE NO. 4:13-cv-549-MW-GRJ

C CARRAWAY, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Madison Correctional Institution, commenced this civil rights action pursuant to 42 U.S.C. § 1983, and is proceeding *pro se* and *in forma pauperis*. This case is before the Court on Defendants' motion to dismiss. (Doc. 45.) Defendants assert that the case should be dismissed for abuse of the judicial process, partial failure to state a claim, partial failure to exhaust, Eleventh Amendment Immunity, and the unavailability of monetary or injunctive relief. Plaintiff has filed a response and the motion is now ripe for review. (Doc. 50.) For the reasons discussed below, the Court concludes that Defendants' motion to dismiss is due to be granted to the limited extent outlined below.

## I. BACKGROUND

The allegations in Plaintiff's Complaint stem from threats made by the Defendants at Franklin Correctional Institution, where Plaintiff was previously incarcerated. Plaintiff claims that on June 6, 2013, Defendant Paul threatened him and other inmates with confinement or chemical agents if they threatened or said anything improper against the officers. Plaintiff did not complain to prison officials.

Plaintiff alleges that later that month he filed two grievances regarding Officer Howard's refusal to make copies for him in the library.  He claimed that due to these filings, on June 20 Defendants Marks and Paul threatened him to stop writing grievances because "[Officer Bellelis] does not come to work to answer Plaintiff's grievances."  (Doc. 34 at 7.)  Plaintiff wrote a grievance concerning this threat.  After Plaintiff wrote the grievance, Defendant Marks came to his bunk and told him he "saw [his] little grievance letter you wrote.  It was very nice.  I will see you next week!" (Doc. 34 at 8.)  Plaintiff claims that he grieved this threat.

Plaintiff claims that on July 20, Defendant Nunez told Plaintiff to never again write a grievance, especially against Defendant Paul, who was "one of his boys."  (Doc. 34 at 9.)  He threatened to starve Plaintiff and spray him with chemical agents every day if Plaintiff filed more grievances.  Plaintiff further alleges that Defendant Nunez said that he was part of a prison gang and he would have other inmates who work for the gang help kill Plaintiff, and threatened that his next grievance would be "[Plaintiff's] death sentence."  (Doc. 34 at 9.) Plaintiff claims that despite the threats, he wrote a grievance to exhaust his remedies under the Prisoner Litigation Reform Act ("PLRA").  Bellelis forwarded this grievance to the inspector's office.

Plaintiff claims he filed a restraining order against Defendant Nunez after his threat, and afterwards Defendant Nunez told him "you can kiss the Judge's butt.  I am still here!  I am not going anywhere.  No one can do a damn thing to me.  I do whatever I want and no one can stop me." (Doc. 34 at 10.)  Plaintiff grieved this incident.

Plaintiff claims that Defendants' threats against him for writing grievances and

filing lawsuits are a violation of his First Amendment right to free speech.  He claims

that the Defendants confined him in violation of his due process rights.  He alleges

physical injuries, humiliation, mental anguish, physical and mental intimidation, blemish

to his prison record, impairment of his reputation, permanent defamation, and

irreparable harm.  He seeks a declaratory judgment that his rights were violated,

injunctive relief, and compensatory and punitive damages.

Because Defendants argue that Plaintiff's action should be dismissed for abuse

of judicial process, the Court will outline the state of Plaintiff's prior cases and his

disclosures in the Second Amended Complaint.  At the time Plaintiff filed his Second

Amended Complaint, he had filed five[1] other lawsuits relating to the fact or manner of

his incarceration or the conditions of his confinement:

- *Hoever v. Crews*, et al., case no. 4:13-cv-73-RH-GRJ, filed on February

   20, 2013.  The case was dismissed on April 25, 2014 for misjoinder,

   failure to comply with a court order, and failure to state a claim.

- *Hoever v. Bellelis*, et al., case no. 4:13-cv-372-WS-CAS, filed on June 26,

   2013.  The case was pending when Plaintiff filed the instant case.

- *Hoever v. Tucker*, case no. 2011 CA 3711, filed on December 23, 2011.

   The case was dismissed on September 30, 2013, and Plaintiff appealed.

- *Hoever v. Parker*, case no. 5:11-cv-254-MP-GRJ, filed on July 22, 2011.

---

[1] Although Plaintiff discloses the case *State of Florida v. Hoever*, case no. 07-4083-CF-10A, on the section 1983 form, the Broward County public records establish that this case relates to criminal charges against Plaintiff and is not a case that needs to be disclosed on a civil rights complaint form.

The case was dismissed on October 29, 2013 for misjoinder of unrelated claims against 17 defendants, and Plaintiff appealed.

- *Hoever v. Tucker*, case no. 2011 CA 1245, filed on May 11, 2011.  The case was dismissed on September 7, 2011, and Plaintiff appealed.  The trial court's decision was affirmed on July 10, 2012.

Plaintiff disclosed *Crews*, *Bellelis*, *Tucker*, case no. 2011 CA 3711, and *Parker* on his Second Amended Complaint from, but failed to include *Tucker*, case no. 2011 CA 1245.  The information pertaining to *Tucker*, case no. 2011 CA 1245, was originally typed on Plaintiff's Second Amended Complaint, but the information was crossed out before filing.  In Section IV. D of the civil rights complaint form, which requires prisoners to state whether they have had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service, Plaintiff stated that he had not.

## II. DISCUSSION

In the instant motion, Defendants have moved to dismiss Plaintiff's complaint for abuse of the judicial process for failing to fully and truthfully disclose his prior cases.  They also argue that Plaintiff failed to state a claim for a violation of due process, failed to exhaust all of his claims, that Defendants are entitled to Eleventh Amendment immunity on all official capacity damages claims, that injunctive relief is moot, and that Plaintiff cannot recover compensatory and punitive damages.  Defendants' motion is due to be granted to the limited extent explained below.

### A. Dismissal for abuse of process is not warranted.

Defendants argue that Plaintiff failed to fully and truthfully disclose his prior

litigation history by (1) failing to disclose *Tucker*, case no. 2011 CA 1245; (2) misrepresenting the status of *Crews* and *Parker*; and (3) reporting that he never had a federal action dismissed as frivolous, malicious, failing to state a claim, or prior to service.  They argue that Fed. R. Civ. P. 41(b) and 28 U.S.C. § 1915(e)(2)(B)(i) provide for the action's dismissal in the face of Plaintiff's intentional misrepresentation.  The Court, however, disagrees with Defendants' assertion that Plaintiff's actions constitute lack of candor to the Court.

A district court has the inherent power to impose sanctions on parties, lawyers, or both.  *Byrne v. Nezhat*, 261 F.3d 1075, 1121 (11th Cir. 2001).  The Eleventh Circuit has established dismissal as an appropriate sanction when an inmate provides false information on a complaint.  *Hood v. Tompkins*, 197 F. App'x 818 (11th Cir. 2006).  Sanctions, however, are only appropriate after a finding of bad faith.  *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291 (11th Cir. 2006).  The Court is not persuaded that Plaintiff's actions were taken in bad faith; and thus, the sanction of dismissal is not warranted.

With regard to *Tucker*, case no. 2011 CA 1245, Defendants argue that Plaintiff's failure to disclose this case constitutes an abuse of the judicial process.  They contend that the failure to disclose was intentional, because Plaintiff initially typed the information pertaining to *Tucker* and then crossed it out.  They also point out that he filed two other cases in the Northern District of Florida[2] on the same day he filed the Second Amended Complaint, and he disclosed *Tucker* in both of those cases.  They

---

[2]*Hoever v. Fletcher*, case no. 4:14-cv-220-RH-CAS; *Hoever v. Howard*, case no. 4:14-cv-229-RH-GRJ.

argue that this omissions evidence that Plaintiff's failure to disclose in the instant case is intentional.

In his response, Plaintiff says that he accidentally crossed out the information pertaining to *Tucker*, case no. 2011 CA 1245, in the Second Amended Complaint because he thought that the information was duplicated. Upon a review of his Complaint, Plaintiff's claim appears plausible. Plaintiff lists two cases with the defendant Kenneth Tucker in the 2nd Judicial Circuit, which are typed directly next to each other. Much of the information listed for the two cases is identical. Moreover, Plaintiff disclosed *Tucker* in both his Complaint and First Amended Complaint filed in this case. The argument that he disclosed the case in his first two Complaint submissions but then intentionally failed to disclose it in the third evidences that the failure to disclose was not intentional but rather through mistake or a misunderstanding. Because the Court concludes that Plaintiff's actions are inconsistent with Defendants' assertion that he intentionally failed to disclose *Tucker*, the Court concludes that any failure to disclose does not rise to the level of bad faith.

Defendants also contend that Plaintiff intentionally misrepresented the status of two of his cases, *Parker* and *Crews*. They state that *Crews* was dismissed by the this Court on April 25, 2014, but that Plaintiff reported in his Second Amended Complaint, filed on May 1, 2014, that *Crews* was still pending. Defendants also state that Plaintiff reported in his Second Amended Complaint that *Parker* was on appeal, but the Eleventh Circuit dismissed the appeal on March 14, 2014, six weeks before Plaintiff filed the Complaint.

Plaintiff argues that the dismissal of the two cases is not final for purposes of a "strike" pursuant to 1915(g) until his appellate rights are exhausted.  Plaintiff points out that in *Crews* an appeal is currently pending and in *Parker* his appeal was reinstated on August 15, 2014.

The Court is not persuaded that any error in Plaintiff's reporting of the status of these cases was in bad faith.  The docket for *Crews* reflects that Plaintiff filed a motion to alter or amend the judgment on June 5, 2014, which was denied on June 12, 2014. Plaintiff appealed the order denying his motion on July 9, 2014.  The docket for *Parker* reflects that the Eleventh Circuit dismissed Plaintiff's appeal on March 14, 2014 for failure to pay the filing and docketing fees or file a motion to proceed *in forma pauperis*. Plaintiff filed a motion to show cause for excusable neglect and a motion for leave to proceed *in forma pauperis* on appeal on April 10, 2014, which the Eleventh Circuit denied on May 9, 2014.  Plaintiff then filed a consent form for payment of the appeal fee from his prison account on June 18, 2014.  The Eleventh Circuit reinstated his appeal on August 15, 2014, and denied it as frivolous on October 8, 2014.

Plaintiff's representation that *Crews* and *Parker* were pending when his Second Amended Complaint was filed does not display a lack of candor.  As other circuits and this Court have held, dismissal for purposes of a strike is not final until the appellate rights have been exhausted.  *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 439 (D.C.Cir. 2007); *Dimanche v. Anderson*, 2013 WL 4830802, at *3 (N.D. Fla. Sept. 10, 2013)(dismissal does not count as a strike because the appeal is pending). Especially in light of Plaintiff's *pro se* status, his reporting of the status of the cases as

pending when he planned to appeal and actually did appeal does not rise to the level of a bad faith misrepresentation of the status fo the cases. Accordingly, Defendants' argument that Plaintiff purposely misrepresented the status of *Crews* and *Parker* is insufficient to warrant the sanction of dismissal.

Finally, Defendants contend that Plaintiff intentionally misled the Court by reporting in his Second Amended Complaint that he never had a federal action "dismissed as frivolous, malicious, failing to state a claim, or prior to service." Dismissal for these reasons is not final until the appeals process has been exhausted. *Thompson*, 492 F.3d at 439. Plaintiff had not yet exhausted or waived his right to appeal in either *Crews* or *Parker*, the cases that Defendants argue he should have disclosed at the time he filed the instant Complaint. The Court, therefore, declines to find that Plaintiff acted in bad faith by failing to list these cases under Section IV. D of the civil rights complaint form.

The Defendants argue generally that the Court has previously dismissed other cases, field by Plaintiff in this district, for abuse of the judicial process. They point to *Hoever v. Capers*, case no. 4:14-cv-273-WS-CAS, and *Hoever v. Bockelman*, case no. 4:14-cv-275-RH-GRJ, which they state were dismissed for abuse of the judicial process. In *Capers*, however, Plaintiff's case was not dismissed for abuse of judicial process. The language that Defendants cite is contained in an order directing Plaintiff to amend his Complaint, noting that Plaintiff had failed to disclose three prior cases and had not acknowledged the reasons for the dismissal of *Crews* and *Parker*. Additionally, in *Bockelman*, Plaintiff's action was dismissed for failure to disclose three federal cases.

This case is unlike *Capers* and *Bockelman* in that Plaintiff has sufficiently disclosed all of his prior cases.  Accordingly, the Court concludes that dismissal for abuse of process is not warranted.

**B. Plaintiff fails to state a claim for a due process violation.**

Defendants argue that Plaintiff has failed to state a claim for a Fourteenth Amendment due process violation.  They argue that Plaintiff only alleges that his due process rights were violated in connection with his claim that he was placed in confinement without proper investigation or process, but fails to allege any facts in support of his claim.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, 556 U.S. 662, 681-85 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint

must allege facts sufficient to move claims "across the line from conceivable to plausible.").

Plaintiff's Second Amended Complaint does not contain any facts, other than his conclusional allegation, that support his claim that his confinement was without due process. Accordingly, to the extent that Plaintiff purports to allege a due process claim, this claim is due to be dismissed.

### C. Defendants' claim that Plaintiff failed to exhaust is moot.

Defendants next argue that Plaintiff failed to exhaust one of his claims.  They point out that Plaintiff states in his Second Amended Complaint that he did not attempt to exhaust his administrative remedies with respect to his allegation that Defendant Paul threatened him on June 6, 2013.  Plaintiff responds that his statements in his Complaint about the June 6  incident with Defendant Paul were not meant to support a claim against Defendant Paul, but instead show Defendant's prior behavior.  Plaintiff maintains that his claim against Defendant Paul is based on the June 20 incident when Defendant Paul threatened him.

Plaintiff's response to Defendants' motion establishes that his statements about Defendant Paul's actions on June 6 were not meant to form the basis of a constitutional claim.  Because Plaintiff concedes that his allegations against Defendant Paul do not constitute a constitutional claim, Defendants' motion to dismiss the claim for failure to exhaust is moot.  Defendants do not argue that Plaintiff has failed to exhaust any of his other claims.

**D. Defendants are entitled to Eleventh Amendment immunity to the extent that Plaintiff sues them in their official capacity for damages.**

Defendants contend that Defendants are entitled to Eleventh Amendment immunity to the extent that they are sued in their official capacity.  Plaintiff replies that he sued Defendants in their individual capacity for damages and in their official capacity for injunctive relief, and that Defendants are not immune from suits for damages in their individual capacity.

The law is well settled that a suit against a state employee in his or her official capacity is deemed to be a suit against the state for Eleventh Amendment purposes. *Will .v Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989).  Therefore, under the Eleventh Amendment, when state officials are sued for damages in their official capacity, the state officials are immune from suit in federal court.  *Jackson v. Georgia Dep't. of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994).  Accordingly, to the extent that Plaintiff attempts to sue Defendants in their official capacities for damages, these claims are due to be dismissed.

**E.  Plaintiff's claims for compensatory and punitive damages are barred by the PLRA, and his claims for injunctive and declaratory relief are moot.**

Finally, Defendants claim that Plaintiff cannot sue for compensatory or punitive damages under the PLRA because an incarcerated prisoner cannot bring an action for mental or emotional injury suffered while in custody without a prior showing of physical injury. As to injunctive relief, Defendants argue that Plaintiff's claims for injunctive relief are moot because Plaintiff has been transferred from Franklin Correctional Institution, where Defendants are employed, to Madison Correctional Institution.

The PLRA provides that a prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997(e); *Smith v. Allen* 502 F.3d 1255, 1271 (11th Cir. 2007) (citing *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir.2002)).  The PLRA does not preclude an award of nominal damages if a plaintiff establishes the violation of a constitutional right. *Smith*, 502 F.3d at 1271 (citing *Carey v. Piphus*, 435 U.S. 247, 255 (1978)).  Nominal damages are appropriate in the context of a First Amendment violation.  *KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256 (11th Cir. 2006).

In this case, Plaintiff has alleged no physical injury in connection with his First Amendment claims beyond including an unsupported allegation of "physical injuries" in his statement of claims. Therefore, he is barred by the PLRA from seeking compensatory and punitive damages.  In his Complaint, however, Plaintiff asks for "any additional relief this Honorable Court deems just, fit, proper, and equitable," which the Court liberally construes as a request for nominal damages.  *See Holloway v. Bizzaro*, 571 F. Supp.2d 1270, 1272 (S.D. Fla. 2008)("Complaints which have been liberally construed to raise a request for nominal damages or equitable relief contain such phrases as 'such other relief as may appear that Plaintiff is entitled' or similar language.").  Defendants' motion to dismiss Plaintiff's claim for damages, other than nominal damages, should be granted.

The Defendants also argue that the injunctive relief Plaintiff seeks is moot because he has been transferred from Franklin Correctional Institution, where Defendants are employed, to Madison Correctional Institution.  Transfer to a different

correctional institution moots an inmate's claim for declaratory and injunctive relief in a § 1983 action. *McKinnon v. Talladega County, Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984). Accordingly, Plaintiff's claims for declaratory and injunctive relief are moot and, therefore, Defendant's motion is due to be granted as to Plaintiff's claims for declaratory and injunctive relief. As previously discussed, nominal damages remain available.

## III. RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' Motion to Dismiss (Doc. 45) should be **GRANTED IN PART** to the extent that:

(1) Plaintiff's claim for violation of due process should be **DISMISSED**;

(2) Plaintiff's claims against Defendants in their official capacities for damages should be **DISMISSED;**

(3) Plaintiff's claims for compensatory and punitive damages against Defendants in their individual capacities should be **DISMISSED**;

(4) Plaintiff's claims for declaratory or injunctive relief should be **DISMISSED**; and

(5) In all other respects, Defendants's Motion to Dismiss (Doc. 45) should be **DENIED** and Plaintiff's First Amendment claims for retaliation against Defendants Marks, Nunez and Paul for nominal damages should be permitted to proceed.

**IN CHAMBERS** this 22nd day of January 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.