IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA, TALLAHASSEE, DIVISION.

CONRAAD L. HOEVER,
    Plaintiff,

V.

R. MARKS, et. al.,
    Defendants.

Case No.: 4:13-cv-549-MW-GRJ

PROVIDED TO
MADISON CI
FEB 1 6 2015
FOR MAILING  CH

## MOTION OBJECTING TO THE COURT'S REPORT AND RECOMMENDATION OF JANUARY 22, 2015.

COMES NOW, Plaintiff, Conraad L. Hoever, acting pro se and pursuant to Fed. R. Civ. P. 72(b), and respectfully moves this Honorable Court with this instant motion objecting to the Court's report and recommendation of January 22, 2015, and submits in support thereof the following:

A. <u>Dismissal for abuse of process.</u>
Plaintiff agrees with this rationale of the Court.

B. <u>Plaintiff fails to state a claim for due process violation.</u>
Here, Plaintiff disagrees with the Court's rationale and presents the following:

### STANDARD OF REVIEW

"On motion to dismiss for failure to state a claim, question for trial court is not whether plaintiff will

Filed 02/19/15 USDC Fln 1PM 1215

1

ultimately prevail, but whether his complaint is sufficient to cross federal court's threshold." Skinner v. Switzer, ___ U.S. ___, 131 S. Ct. 1289, 1296 (U.S. 2011).

"A district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (U.S. 1974).

"Credibility determination the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge' We must resolve all these factual disputes in plaintiff's favor. See Reeves, 530 U.S. at 150-51, 120 S.Ct. at 2110 (Quoting, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed 2d 202 (1986)" Booth v. Pasco County, Fla., 2014 WL 3031177 *6-7 (11th Cir. 2014).

The Court indicated that Plaintiff failed to state factual allegations in support of the claim, and that his claims are conclusory allegations, etc. Report and Recommendation at 9-10. "In reviewing a district court's dismissal for failure to state a claim upon which relief can be granted, the Court of appeal must accept all the allegations in favor of the complaint and the presumption must be made that they support the claim." LaRoque v. Holder, 650 F.3d 777, 785 (D.C. Cir. 2011). "Courts may not rewrite contracts, add meaning that's not present, or otherwise reach results contrary to the intensions of the parties." Interline Brands, Inc. v. Chartis Specialty Ins. Co., 749 F.3d 962, 965 (11th Cir. 2014). ["Courts are not allowed to add or subtract words from statutes, to rewrite

2

them, or to misinterpret them to a desired meaning.") Housten v. Marod Supermarket, Inc., 733 F.3d 1323, 1333 (11th Cir. 2013)(Citation omitted).

Without giving a chance to support the allegations with evidence, it is improper for the Court here to make credibility determinations regarding Plaintiff's allegation where there are established facts that the allegations that Plaintiff were harrassed and threatened are supported by facts and present verifiable evidence.

The Court here is erring because not only must the Court not make these credibility determinations Booth v. Pasco County, Fla., Supra, but "we also review denovo the grant of a motion to dismiss under rule 12(b)(6), 'accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Reese v. Ellis, 678 F.3d 1211, 1215 (11th Cir. 2012).

Furthermore, Plaintiff avers that it is persuasive that "Experience has shown... that we cannot expect the proof of a case to be made through the pleadings..."); ("there are cases in which other tools of construction are more reliable than text.") Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 575 and 596, 127 S.Ct. 1995 (U.S. 2007) (dissenting opinion). And that "[E]ven in the absence of corroborating evidence, a plaintiff's own testimony may be sufficient to withstand summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505 (1986)." Strickland v. Norfolk Southern Ry, Co., 692 F.3d 1151, 1160 (11th Cir. 2012).

Plaintiff presented sufficient adverse action that Defendants acted upon deliberately to violate his constitutional rights. ("Adverse actions which may

show retaliation in violation of the First Amendment include denial of privileges or acts worsening an inmate's working conditions."). <u>Spencer v. Jackson County, Mo.</u>, 738 F.3d 907, 911 (8th Cir. 2013).

Deliberate actions to violate an inmates rights also reach the level of due process. "Intentional torts, as distinguished from negligent or reckless torts, generally require that actor intend consequences of an act, not simply the act itself." <u>Staub v. Proctor Hosp.</u>, ___ U.S. ___, 131 S.Ct. 1186, 1191 (U.S.2011). "The objective severity of harassment should be judged from a reasonable person in the plaintiff's position, considering all the circumstances. <u>Oncale v. Sundowner Offshore Servs. Inc.</u>, 523 U.S. 75, 81, 118 S.Ct. 998, 1003, 140 L.Ed. 2d 201 (1998)." <u>Adams v. Austal, U.S.A., LLC</u>, 2014 WL 2726171 *5 (11th Cir. 2014).

Thus, the court erred by adding its own meaning to the allegations and improperly determined their credibility and their weight. "A district court weighing a motion to dismiss asks 'not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (U.S.1974).

Therefore, the court erred by prematurely dismissing this cause. "On motion to dismiss for failure to state a claim, question for trial court is not whether plaintiff will ultimately prevail, but whether his complaint is sufficient to cross federal court's threshold." <u>Skinner v. Switzer</u>, ___ U.S. ___, 131 S.Ct. 1289, 1296 (U.S. 2011).

4

C. <u>Defendants' claim that Plaintiff failed to exhaust is moot.</u>

Plaintiff disagrees with the Court. The Court is on point in its first paragraph, but in its second paragraph it is amiss and misstated Plaintiff's word(s) in his response to Defendants' motion. There the Court stated that "[B]ecause plaintiff concedes that his allegations against Defendant Paul do not constitute a Constitutional claim, Defendants' motion to dismiss the claim for failure to exhaust is moot." Id. at 10 (report and recommendation).

Nowhere did Plaintiff make such a concession. It appears as if the Court mistakenly read the "C" word "Concerted" as conceded. <u>Plaintiff's motion in opposition. id at 9.</u>

Plaintiff unequivocally stated that he is not suing Defendant Paul based on the June 6, 2013, incident, but for the "June 20, 2013, threat he <u>Concerted</u> with Defendant Marks." id at 9. (emphasis added).

Therefore, the Court erred in its rationale and ruling.

D. <u>Defendants are entitled to Eleventh Amendment Immunity to the extent that plaintiff sues them in their official capacity for damages.</u>

Plaintiff unequivocally stated that he did not sue Defendants in their official capacities for money damages. Thus, a claim that he did not state cannot be dismissed. He stated that Defendants only bring up these unfounded claims to confuse the Court.

5

E. <u>Plaintiff's claim for compensatory and punitive damages are barred by the PLRA, and his claims for injunctive and declaratory relief are moot.</u>

Plaintiff disagrees here with the Court.

1. <u>Claims for compensatory and punitive damages.</u>

STANDARD OF REVIEW

"Florida Law allows punitive damages if the jury allows it if they found the defendant(s) guilty of intentional misconduct or gross negligence as defined in Florida Statute § 768.72(2)." <u>Winn-Dixie Stores, Inc. v. Dolgen Corp. LLC.</u>, 749 F.3d 1008, 1035 (11th Cir. 2014).

The Nineth Circuit held, "[A] jury may be permitted to assess punitive damages in an action under §1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. <u>Smith v. Wade</u>, 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed. 2d 632 (1983)." <u>Jackson v. Barnes</u>, 749 F.3d 755, 762 (9th Cir. 2014); and the Seventh Circuit held, "actual injury 'is needed [only] to recover compensatory damages under § 1983." <u>Shield v. Illinois Dept. of Corr.</u>, 746 F.3d 782, 789 (7th Cir. 2014) (citation omitted).

Finally, the Eleventh Circuit held that "Claims regarding mental and emotional injuries by prisoners absent physical injury can only be dismissed without prejudice for prisoner to refile those claims after being released." <u>Harris v. Garner</u>, 216 F.3d 970, 979-81 (11th Cir. 2000) (citation omitted).[1]

---

[1] Plaintiff believes that it is time for the Eleventh Circuit to update <u>Harris v. Garner</u>, to <u>Jackson v. Barnes</u>, supra, Nineth Circuit and <u>Shield v. Illinois Dept. of Corr.</u>, supra, Seventh Circuit to meet the proper intention of the PLRA/Congress, that after proper examination, would only bar compensatory damages under § 1997e.

6

2. <u>Claims for injunctive and declaratory relief.</u>

<u>STANDARD OF REVIEW</u>

"When an impropriety is capable of repetition in the near future, a case cannot be moot. <u>Honig v. Doe</u>, 484 U.S. 305, 318-19, 108 S.Ct. 592, 98 L.Ed. 2d 686 (1988)." <u>Oliver v. Scott</u>, 276 F.3d 736, 741 (5th Cir. 2002).

Plaintiff asserts that neither the Court nor the Defendants can guarantee that one, some, or all the Defendants cannot be transferred to another prison where he could be housed in the future and resume the improprieties against him. Therefore, the case cannot be moot because the improprieties are capable of repetition in the near future if by transfer they meet again. <u>Oliver v. Scott</u>. id.

The case mentioned by the Court citing <u>McKinnon v. Talladega County, Ala.</u>, 745 F.2d 1360, 1363 (11th Cir. 1984) that inmate transfer moots the cause here, <u>Report and Recommendation</u> at 12-13, has long been outdated, in this cause before the Court, by the Standard set by the U.S. Supreme Court which held:

"A case <u>might</u> become moot if subsequent events made it <u>absolutely clear</u> that the allegedly wrongful behavior could not <u>reasonably</u> be expected to recur. <u>United States v. Concentrated Phosphate Export Assn.</u>, 393 U.S. 199, 203, 89 S.Ct. 361, 21 L.Ed. 2d 344 (1968). The 'heavy burden of persua[ding]' the Court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness." <u>Friends of the Earth Inc. v. Laidlaw Environmental Services (TOC), Inc.</u>, 528 U.S. 167, 189, 120 S.Ct. 693, 708 (U.S. 2000)(emphasis supplied).

7

The only contention Defendants presented that the impropriety might not reoccur is simply that "Plaintiff is no longer housed at Franklin Corr. Inst." This comes far short of the "heavy burden persuasion" standard set by the U.S. Supreme Court that it must be "absolutely clear that the allegedly wrongful behavior could not reasonably expected to recur." The Defendants made no assurance or implication that the impropriety could not reasonably reoccur and/or suggested that there exist no possibility that any of the Defendants can transfer and meet again with Plaintiff in another prison.

The Court, therefore, misapplied the law by rendering the request for injunctive and declaratory relief moot based on Defendants' contention that Plaintiff is no longer housed at Franklin Corr. Inst., but transferred to Madison Corr. Inst.

WHEREFORE, based on the aforementioned, Plaintiff respectfully PRAYS that this Honorable Court Modify and Alter the Magistrate Judge's Report and Recommendation and Dismiss Defendants' motion to dismiss in its entirety and grant Plaintiff all other relief this Honorable Court deems him to be entitled to and/or as such that is fit, just, proper and equitable.

Respectfully submitted,

Conrad L. Hoever #L85966
Plaintiff, pro se
Madison Corr. Inst.
382 SW MCI Way
Madison, FL. 32340-4430

8

## VERIFICATION

I DECLARE UNDER THE PENALTY OF PERJURY that I have read the aforementioned and that the statement of facts within are true and correct.

Respectfully submitted,

Conrad L. Hoever # L85966
Plaintiff, pro se.

## CERTIFICATE OF SERVICE

I HEREBY DECLARE that I placed true and correct copies of this instrument in the hands of prison officials at Madison Corr. Inst. for mailing to: 1) Clerk of Court, U.S. District Court, N.D. of Florida, 401 S.E. 1st Avenue, Suite 243, Gainesville, Florida 32601-6805, and 2) Office of the Attorney General, by Eric Gonzalez, Esq., Assistant Attorney General, The Capitol, PL-01, Tallahassee, Florida 32399-1050 on this 16th day of February 2015.

Respectfully submitted,

Conrad L. Hoever #L85906
Plaintiff, pro se
Madison Corr. Inst.
382 SW MCI Way
Madison, FL. 32340-4430

Conraad Hoever #L85966
MADISON CORRECTIONAL INSTITUTION
382 SW M.C.I. WAY
MADISON, FL 32340-4430

Clerk of Court
U.S. District Court
N.D. of Florida
401 SE 1st Avenue
Suite 243
Gainesville, FL 32601-6805

LEGAL MAIL
ONLY

FOR MAILING
FEB 16 2015
PROVIDED TO
MADISON C.