Provided to Madison C.I. on 1/4/16 for mailing by [initials]

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA, TALLAHASSEE DIVISION.

CONRAAD L. HOEVER,
  Plaintiff,

Vs.                                Case no.: 4:13-CV-549-MW-GRJ

ROBERT MARKS, et. al.,
  Defendants.
_____/

### PLAINTIFF'S MOTION OBJECTING TO THE REPORT AND RECOMMANDATION TO GRANT DEFENDANT PAUL'S MOTION FOR SUMMARY JUDGMENT.

COMES now, Plaintiff, Conraad L. Hoever, acting pro se and pursuant to Fed. R. Civ. P. Rule 72(b), and respectfully moves this Honorable Court with this instant objection objecting to the Magistrate Judge's (MJ's) Report and Recommendation (R&R) to grant Defendant Paul summary judgment, and in support thereof states:

The MJ filed a(n) R&R on December 21, 2015, which Plaintiff received on December 29, 2015, recommending [in part] that Defendant Paul's motion for summary judgment be granted.

As part of the MJ's review, discussion and rationale thereto, he stated that:

> Based on the evidence the Court <u>concludes</u> that no reasonable jury could find that Defendant Paul's actions penalized Plaintiff for exercising his right of speech. <u>While there is a dispute over what actually happened, as Defendant Paul denies the June 20 and 29 encounters,</u> Plaintiff's version of events is at most benign. <u>Simply because Defendant Paul</u> ~~may have been present at the June 20~~ ~~and 29 encounters is not sufficient to~~ ~~state a claim for retaliation.~~ Paul said nothing and did nothing, other than staring at Plaintiff. <u>Doc. 80 at 28</u> (emphases supplied).

Plaintiff disagrees with this rationale/conclusion — ("that no reasonable jury could find that Defendant Paul's actions penalized Plaintiff for exercising his right of speech.") — as he relies, in part, on the following standards/Rulings:

### STANDARD FOR REVIEW

"[Accordingly], this Court has concluded that the ordinary meanings of 'assist' and 'participate' do not 'connote voluntariness.'... These are 'terms and concepts of breath,'... that require only that an individual take 'some part in' an

2

activity, or help it to occur in some way... Even if participation or assistance is coerced, it remains participation or assistance just the same.' [citing] 'Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 211, 118 S.Ct. 1952, 141 L.Ed. 2d 215 (1998) (participate); Fedorenko, 449 U.S. at 512, 101 S.Ct. 737 (assist); Russello v. United States, 464 U.S. 16, 21-22, 104 S.Ct. 296, 78 L.Ed. 2d 17 (1983); and Reves v. Ernst & Young, 507 U.S. 170, 178-179, 113 S.Ct. 1163, 122 L.Ed. 2d 525 (1993)." Negusie v. Holder, 555 U.S. 511, 543-544, 129 S.Ct. 1159, 1178-1179 (U.S. 2009).

"The Court[1] ruled that 'when the defendants participated in one part of an act or event and an unforeseeable act transpired that may not have been the original intent and purpose of the act, and the defendants <u>continue to lend their aid and assistance</u> to the endeavor,' the court said that the jury could find that the defendants' continuing participation in the act made them liable for that act as well." Gonzales v. Duenas-Alvarez, 549 U.S. 183, 190-193, 127 S.Ct. 815, 820-822 (U.S. 2007) (citation omitted) (emphasis in original).

## ARGUMENT

While keeping these standards in mind, the MJ discussed, as part of his R&R, that Defendant Marks' actions of June 20, 2013 and June 29, 2013, were sufficiently supported, by the evidence presented by Plaintiff and his sworn witness statements, to

---

[1] California Court with which the U.S. Supreme Court agreed.

establish the three elements required in the context of the three-part _Bennett_ test such that the conflict in the testimonial evidence cannot be resolved on summary judgment, but rather, "the differences in the testimony creates a material issue of fact that is better resolved by a jury."(Doc.80 at 17(cited)) Whether these threats, if made, are sufficient to "deter a person of ordinary firmness" from continuing to file grievances. Doc. 80 at 14-22.

Plaintiff asserts that similarly, a reasonable jury could find that Defendant Paul assisted and/or participated in Defendant Marks' actions consistent with the rulings in _Negusie v. Holder_, supra and _Gonzales v. Duenas-Alvarez_, supra, and that Marks could not have acted without Paul's presence or that Paul served as the reassurance that the threat went beyond the sole effort of Defendant Marks and that he, Paul, served as a witness.

A genuine issue exists for a jury to determine Defendant Paul's role and involvement as to how he assisted and/or participated in both events of June 20 and 29, 2013, alleged by Plaintiff.[1]

Defendant Paul denied that he threatened Plaintiff or anyone. He also denied being present with Defendant Marks in either of these events. Plaintiff alleged in sworn statements/complaint that he accompanied Defendant Marks in both incidents and implicated that he (Paul) was given ample opportunity to clear himself, assuming he was not present, upon Plaintiff's request for production of video

---

[1] see the U.S. Supreme Court's categorization under _Gonzales v. Duenas-Alvarez_, at U.S-189, S.Ct. 820.

4

recorded images from Franklin Corr. Inst.[3] that would show on these dates and times who accompanied Defendant Marks. Instead, he refused to produce them.

Furthermore, contrary to Defendant Paul's denial, Plaintiff provided sworn to affidavits from witnesses declaring that Defendant Paul did threaten, harassed and retaliated against inmates.

The <u>Gonzales, supra</u> Court ruled that when [a] participant(s) who was unaware of an accomplice's original intent and purpose <u>continue to lend [their] aid and assistance</u> to the endeavor; the jury could find that the continuing participation in the action made them liable.

In this case at bar, a close examination of the facts showed that Plaintiff's allegations were that, despite the fact that Defendant Paul did not utter the words against Plaintiff on June 20 and 29, 2013, he assisted Defendant Marks intimidation and threats on June 20, 2013, and stood within feets from Plaintiff and Marks in the vestibule. The vestibule is a closed area/section of approximately 20 feet by 15 feet. Defendant Paul heard every single threat made against Plaintiff and every single word uttered by both Plaintiff and Marks.

Since that was the case, Defendant Paul became aware—in case he did not know what Defendant Marks original intent was—of the

---

[3] Franklin Corr. Inst. is one of few institutions in Florida that captures, exceptionally well, digitally recorded images of just about all activities on the compound (outside the dormitories) and of all the activities in the confinement unit (all Florida institutions possess this latter capability) outside the cells.

threats made against Plaintiff. Yet, he assisted him again on June 29, 2013, when Defendant Marks followed up on the threat as declared by Richard Davidson in his affidavit.

Thus, Defendant Paul chronologically returned/continued to assist Defendant Marks in his endeavors to threaten Plaintiff, sufficiently for a jury to find that his actions to assist made him liable and an accomplice to Defendant Marks' threats under the federal aiding and abetting statute. See Rosemond v. U.S., ___ U.S. ___, 134 S.Ct. 1240, 1245 (U.S. 2014) ("As at common law, person is liable under federal aiding and abetting statute if, and only if, he (1) takes affirmative act in _furtherance_ of that offense, (2) with intent facilitating offense's commission." (e.s.)

Dispite of Defendant Paul's denial that he does not recall being present at any meeting between Plaintiff and Sgt. Marks that took place on June 20, 2013, and June 29, 2013, Def. Exh. F at 2 Paragraph 8 (he provided the same answer to questions 9 and 10 in his response to Plaintiff's interrogatories), Plaintiff's account of Defendant Paul being present and eyewitness testimony/accounts in Darien James' and George Rivera's affidavits clearly contradict Paul's denial and assertion, in his motion for summary judgment at 10, that Plaintiff's allegations "are unsupported by any evidence other than Plaintiff's self-serving statements. Doc. 73 at 10.

Thus, it creates a genuine dispute to be resolved by a jury and "[E]ven in the absence of corroborating evidence, a plaintiff's own testimony may be sufficient to withstand summary judgment. Anderson v. Liberty

6

Lobby Inc., 477 U.S. 242, 255, 106 S.Ct. 2505 (1986)." Strickland v. Norfolk Southern Ry, Co., 692 F.3d 1151, 1160 (11th Cir. 2012).

Therefore, Defendant Paul is not entitled to summary judgment. "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-moving party, 'presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party. [citing] Owusu-ansah v. Coca-Cola Co., 715 F.3d 1306, 1307 (11th Cir.) Cert. denied, ___U.S.___, 134 S.Ct. 655, 187 L.Ed. 2d 449 (2013)." Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1098 (11th Cir. 2014).

The same applies to Defendant Paul, as the MJ stated for Defendant Marks;

> [T]he conflict in the testimonial evidence cannot be resolved on summary judgment. Rather, the differences in the testimony creates a material issue of fact that is better resolved by a jury [Thus] because there is a genuine material issue of fact as to whether Defendant [Paul assisted and continued to assist Defendant Marks such that his presence aided to] would "deter a person [Plaintiff] of ordinary firmness" from continuing to file grievances. Doc. 80 at 17 (alterations supplied).

Finally, as to the MJ's footnote no. 4, Doc. 80 at 29, Plaintiff avers that this is a video recorded evidence that Defendant(s) purposely refused to produce, upon his request for production, as it would substantiate his claim(s). The importance of that testimony is for

7

a jury to determine whether Defendant Paul's questioning is part of a prolonged campaign of threats, harassment, and retaliation not to write grievances.

Arguments regarding exhaustion of that act would in this context of Defendant Paul's involvement in assisting and/or participating in threats, harassment, and retaliation to stop Plaintiff - in violation of his First Amendment right to free speech - from writing grievances would be irrelevant and have no effect on this matter at the summary judgment stage.

Defendant Paul's argument through Rebecca Villanueva's declaration that Plaintiff filed no grievances against Defendant Paul between August 20, 2013 and September 30, 2013, is irrelevant.

Plaintiff asserts that seperate exhaustion of administrative remedies of Defendant Paul's incident of August 20, 2013, is not required for two (2) reasons:

Firstly, Plaintiff unequivocally stated in his grievances of June 20, 2013, and June 29, 2013, against Defendant Marks that Defendant Paul was present (assisted him). The law does not require that Plaintiff specifically write a seperate grievance against Defendant Paul indicating or alerting him that he will be sued. "Exhaustion of remedies requirement of the PLRA is designed to alert prison officials to problem, and not to provide personal notice to particular official that he may be sued." Parzyck v. Prison Health Services, 627 F.3d 1215, 1217-18 (11th Cir. 2010).

Secondly, Plaintiff's June 20, 2013 and June 29, 2013, grievances of Defendant Marks' threats

sufficiently alerted prison officials of the problem that Defendant Paul assisted and continued to assist Defendant Marks who made the threats. And because prison officials were properly and officially alerted of Defendant Paul's involvement, PLRA does not require that Plaintiff reexhaust these issues. "Prisoner does not have to re-exhaust administrative remedy after previously filed complaint have been exhausted for new complaints related to the previous one." Rhodes V. Robinson, 621 F.3d 1002, 1005-06 (9th Cir. 2010).

Thus, even if Defendant Paul sets his focus on that particular incident, it is not a self-standing incident. It was directly related to the June 20 and June 29, 2013, incidents because the allegations in that incident pointed out that he questioned Plaintiff about those grievances that he threatened the Plaintiff.

Therefore, that claim would not have to be reexhausted to be brought in court. The prison administration had been properly put on notice of Defendant Paul's actions.

WHEREFORE, based on the aforementioned, Plaintiff respectfully objects to the MJ's R&R to grant Defendant Paul's motion for summary judgment and PRAYS that this Honorable Court DENY Defendant Paul's motion for summary judgment [also].

Respectfully submitted,

Courtlad L. Hoever #L85966
Plaintiff, pro se
Madison Corr. Inst.
382 SW MCI Way
Madison, FL. 32340-4430

9

## VERIFICATION

I DECLARE UNDER THE PENALTY OF PERJURY that I have read the foregoing document and that the statement of facts therein are true and correct.

Conrad L. Hoever #L85966
Plaintiff, pro se.

## CERTIFICATE OF SERVICE

I HEREBY DECLARE that I placed true and correct copies of this instrument in the hands of mailroom personnel at Madison Correctional Institution for mailing via USPS First-class prepaid mail to:

1) Clerk of Court
   U.S. District Court
   N.D. of Florida
   401 S.E. 1st Ave, Suite 243
   Gainesville, FL. 32601-6805

2) Office of the Attorney General
   The Capitol, PL-01
   Tallahassee, FL. 32399-1050

Executed this 4th day of January 2016.

Conrad L. Hoever #L85966
Plaintiff, pro se
Madison C.I.
382 SW MCI Way
Madison, FL. 32340-4430

Conraad L. Hoever
L85966
MADISON CORRECTIONAL INSTITUTION
382 SW M.C.I. Way
MADISON, FL 32340-4430



MAILED FROM
MADISON CORRECTIONAL
INSTITUTION

Clerk of Court
U.S. District Court
N.D. of Florida
401 SE 1st Ave
Suite 243
Gainesville, FL. 32601-6805

LEGAL MAIL ONLY

32601+6895