# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**CONRAAD L. HOEVER,**

    Plaintiff,

**v.**                                                                                      Case No.: 4:13-cv-549-MW-GRJ

**MARKS, et al.,**

    Defendants.

_____/

## DEFENDANT PAUL'S RESPONSE TO PLAINTIFF'S OBJECTION TO THE REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

    Defendant Paul (hereinafter "Paul" or "Defendant Paul"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 72(b)(2), hereby responds in opposition to Plaintiff's objection to the report and recommendation entitled "Plaintiff's Motion Objecting to the Report and Recommendation to Grant Defendant Paul's Motion for Summary Judgment" (Doc. 82).  In support, Paul states as follows:

### Preliminary Statement

    Magistrate Judge Gary R. Jones recommended in the Report and Recommendation ("R&R") that summary judgment be granted in Defendant Paul's favor, finding that Paul's alleged actions were not sufficient to support a retaliation

1

claim, and that one alleged incident was unexhausted. (Doc. 26 at 27-29.) In response, on January 4, 2016, the Plaintiff mailed/filed by U.S. Mail an objection to the R&R. (Doc. 82.) This timely response to the objection follows.[1]

### Statement of Pertinent Facts

1.  In the case, the Plaintiff's claim is that he was subject to retaliation by threats from Defendant Paul, and defendants Mark and Nunez.[2] (Doc. 34; see Docs. 51, 57, 80.)

2.  On August 20, 2015, Paul and the other defendants moved for summary judgment. (Doc. 73.) On September 23, 2015, the Plaintiff served a response to the motion. (Doc. 79.)

3.  To support his retaliation claim against Defendant Paul, Plaintiff alleges that Paul did the following: on June 20, 2013, Marks and Paul separated him from other inmates to the vestibule area and Marks threatened him (while Paul stood there) to stop writing grievances because Bellelis does not come to work to answer

---

[1] The response to the objection is due on or before Friday, January 22, 2016, because the fourteen day fell on a legal holiday (Martin Luther King Jr. Day) and the objection was served by U.S. Mail, resulting in the response being due three days after Tuesday, January 19, 2016. Rules 6(d), 72(b)(2), Fed. R. Civ. P.

[2] The R&R recommended that summary judgment be denied for defendants Mark and Nunez. (Doc. 80.) Those defendants filed an objection to the R&R on January 5, 2016. (Doc. 81.)

Plaintiff's grievances, and kept the Plaintiff at the vestibule until the Plaintiff promised not to write any more grievances; Paul watched from afar on June 29, 2013, while Marks stated to the Plaintiff, "I saw your little grievance letter you wrote. It was very nice. I will see you next week!"; and on August 20, 2013, Paul questioned "Plaintiff why plaintiff wrote that [Paul] threatened him and to tell him when he did that." (Doc. 34 at 7-8, 11, ¶¶ 4-5, 8; Doc. 73-8 at 6-7 (35:23 - 36:07).)  This was the entire extent of Paul's alleged conduct that Plaintiff has alleged to support his retaliation claim against Paul.  (See generally id.; see also Doc. 79.)

4.  As the basis for his objection to the R&R, the Plaintiff asserts that Paul is liable as an aider and abetter, or rather an accomplice, to Marks' actions, citing criminal case law, such as the following: Gonzalez v. Duenas-Alvarez, 549 U.S. 183, 127 S. Ct. 815 (2007), and Rosemond v. United States, __ U.S. __, 134 S. Ct. 1240 (2014).  (Doc. 82 at 1-7.)  Plaintiff also objects to the defense of exhaustion of administrative remedies being applied to the alleged threat from August 20, 2016, citing Parzyck v. Prison Health Services, Inc., 627 F.3d 1215 (2010).  (Doc. 82 at 7-9.)

**Memorandum of Law**

Here, in support of his weak retaliation claim, Plaintiff alleges that Paul uttered one statement that the Plaintiff labels as a threat, and was present when Marks

3

threatened the Plaintiff. Specifically, the Plaintiff alleges that Paul stood by while Mark uttered threats to the Plaintiff on June 20, 2013, then watched from afar on June 29, 2016, while Marks stated that he saw Plaintiff's grievance, and asked the Plaintiff on August 20, 2013, if the Plaintiff filed a grievance against him. These actions cannot support a claim of retaliation. Further, the Plaintiff's allegation that Paul threatened him on August 20th, is an unexhausted claim of retaliation, independent of any of the prior alleged incidents involving Marks. Nevertheless, Defendant Paul would be entitled to qualified immunity because of the lack of a constitutional violation and the lack of any clearly established law that would place Paul on notice that his actions were unlawful.

I.      **Plaintiff's Lack of Exhaustion of the August 20th Incident.**

Plaintiff asserts that the August 20th incident was a continuing threat, from the other alleged incidents where Paul was near or with Marks, and he did not have to file another grievance regarding the August 20th incident, citing Parzyck.

This argument is without merit. First, Parzyck only applies to the situation where an inmate files a grievance complaining about an event or medical treatment for a condition, and he does not have to name the specific defendant involved in the event or condition to satisfy the exhaustion requirement under 28 U.S.C. 1997e(a). Parzyck, 627 F.3d at 1218-19. Here, the Plaintiff alleges that he was the victim of

threats from Marks for the Plaintiff's grievances, while, at least, Paul was present. Then, two months later, he alleges that Paul inquired about a grievance the Plaintiff filed. Based on the Plaintiff's argument, he only had to exhaust the threat from Marks for any action thereafter to be applicable to his original exhausted threat. This argument would eviscerate the exhaustion requirement, especially for inmates who continuously allege that they are the victim of retaliation. The incident from August 20th is distinctly different and separate from the June events involving Marks. See, e.g., Shaw v. Hall, No. 5:12-CV-135-CAR-MSH, 2014 WL 2048383, at *5-6 (M.D.Ga. May 19, 2014) (R&R), 2014 WL 4287467, at *2-3 (Aug. 28, 2014) (adopting the recommendation from the R&R on the issue of exhaustion of administrative remedies).

**II.     Plaintiff Cannot Demonstrate a Retaliation Claim Against Defendant Paul.**

To state a retaliation claim, the plaintiff must allege, *inter alia*, that an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in conduct or speech protected under the First Amendment, and that a causal connection exists between the protected conduct and the adverse action. Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999) (per curiam); see Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005).

Because any adverse action taken against a prisoner by a prison official (such

as, disciplinary action) can be characterized by the inmate as a retaliatory act, federal courts must "carefully scrutinize" retaliation claims brought by prisoners challenging adverse actions of correctional personnel, and approach prisoner claims of retaliation with skepticism and particular care. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). This is [necessary because prisoners'] . . . claims of retaliation are . . . easily fabricated [and] pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration. This is so because virtually any adverse action taken against a prisoner by a prison official – even those otherwise not rising to the level of a constitutional violation – can be characterized [by the prisoner] as a constitutionally proscribed retaliatory act." Dawes v. Walker, 239 F.3d 489, 491 (2d Cir. 2001), overruled on other grounds, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S. Ct. 992 (2002). Further, a plaintiff's "allegations of verbal abuse and threats by the prison officers [does] not state a claim [if] the defendants never carried out these threats and verbal abuse alone is insufficient to state a constitutional claim." Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (unreported op.).

Here, the Plaintiff cannot show that he was the victim of any campaign of harassment by Paul based on the limited allegations that he raised against Paul. First, he alleges that Marks threatened the Plaintiff on June 20, 2013, to not file grievances;

6

that Marks stated to the Plaintiff on June 29, 2013, that he saw the Plaintiff's grievance, while Paul stood there next to Marks and then "watch[ed] from afar," respectively; and that Paul asked the Plaintiff on August 20, 2013,[3] whether he filed a grievance about him. These alleged acts cannot be construed as any campaign of retaliation. At most, the Plaintiff alleges that Paul was present during another officer's threats, and then asked the Plaintiff about a grievance. Based on the Plaintiff's argument, an officer cannot ever ask about a grievance or be in the vicinity or an officer's threat because if he is, he can be sued for retaliation. Plaintiff's argument cannot prevail. See Dawes, 239 F.3d at 491 (claims of retaliation are . . . easily fabricated . . . because virtually any adverse action taken against a prisoner by a prison official – even those otherwise not rising to the level of a constitutional violation – can be characterized [by the prisoner] as a constitutionally proscribed retaliatory act).

### III. **Defendant is Entitled to Qualified Immunity.**

To overcome the defense of qualified immunity, there must be a showing that a constitutional right was violated and that the right was clearly established. Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151 (2001); McCullough v. Antolini, 559

---

[3] Defendant Paul does not waive the exhaustion argument for the August 20th incident, and still asserts that the Plaintiff failed to exhaust his administrative remedies for this alleged event.

F.3d 1201, 1205 (11th Cir. 2009). The type of law that places the defendant on notice that the law is clearly established is prior *precedent* from the United States Supreme Court, the Eleventh Circuit Court of Appeals, and the highest court of the state where the events took place. Amnesty Int'l, USA v. Battle, 559 F.3d 1170, 1184 (11th Cir. 2009) (citation omitted); McClish v. Nugent, 483 F.3d 1231, 1237 (11th Cir. 2007).; see Rule 32.1, Fed. R. App. P.; 11th Cir. Rule 36-2. Yet there need not be case law if "the very action in question has previously been held unlawful." Amnesty Int'l, USA, 559 F.3d at 1185 (quoting Hope v. Pelzer, 536 U.S. 730, 741, 122 S. Ct. 2508 (2002)). The entitlement to qualified immunity is based on the facts and the law present when the defendant acts. Jackson v. Humphrey, 776 F.3d 1232, 1242 (11th Cir. 2015). Generally, fact-specific precedent is necessary to provide the officer fair warning of the applicable law. Gibbons v. McBride, __ F. Supp. 3d __, 2015 WL 5017021, at *19 (S.D.Ga. Aug. 21, 2015) (citing Jay v. Hendershott, 579 F. App'x 948, 951 (11th Cir.2014), and Oliver v. Fiorino, 586 F.3d 898, 907 (11th Cir.2009)). The clearly established law inquiry must be evaluated by the specific context of the case, and not as a broad general proposition. Oliver, 586 F.3d at 907 (citing Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808 (2009)). "[I]f case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant." Id. (citing Priester v. City of Riviera Beach, Fla., 208 F.3d 919, 926, and

Smith v. Mattox, 127 F.3d 1416, 1419 (11th Cir.1997)).

Here, the Defendant is entitled to qualified immunity because, as stated supra and in the motion for summary judgment (Doc.73), he has not committed any constitutional violation, and there was no clearly established law to place him on notice that his actions were unlawful.  There is no applicable precedent from the United States Supreme Court, the Eleventh Circuit, or the Florida Supreme Court that being present when an officer threatens an inmate, followed by asking about a grievance would qualified as retaliation.  Such alleged actions by Paul would not qualify as "a prolonged and organized campaign of harassment by . . . officers" as discussed in Bennett v. Hendrix, 423 F.3d 1247 (11th Cir. 2005).

**WHEREFORE**, for the foregoing reasons, Defendant Paul respectfully requests this Court for an order that overrules the Plaintiff's objection (Doc. 82), and grants summary judgment in Defendant Paul's favor.

Respectfully submitted,

**PAMELA JO BONDI
ATTORNEY GENERAL**

/s/ Marcus O. Graper
**MARCUS O. GRAPER
Assistant Attorney General
Florida Bar No. 0044049**
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
marcus.graper@myfloridalegal.com

### CERTIFICATE OF SERVICE

**I hereby certify** that the foregoing *Defendant Paul's Response to Plaintiff's Objection to the Report and Recommendation Regarding Defendants' Motion for Summary Judgment* has been furnished by U.S. Mail to *pro se* **Conraad Hoever, DC# L85966**, Madison Correctional Institution, 382 S.W. MCI Way, Madison, Florida 32340, on the 20th day of January, 2016.

/s/ Marcus O. Graper
MARCUS O. GRAPER