IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CONRAAD L. HOEVER,**

    Plaintiff,

v.                                            Case No.: 4:13-cv-549-MW-GRJ

**MARKS, et al.,**

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## MOTION TO SUPPLEMENT THE RECORD

Defendants Marks, Nunez, and Paul ("Defendants"), through undersigned counsel, hereby respond in opposition to Plaintiff's "Motion to Supplement the Record with the Attached Affidavit and Exhibit" (Doc. 83). In support, the Defendants state as follows:

### Statement of Facts

1.    In the case, the Plaintiff's claim is that he was subject to retaliation by threats from the Defendants. (Doc. 34; see Docs. 51, 57, 80.)

2.    On March 3, 2015, the Court issued a scheduling order, ordering that motions for summary judgment were to be filed by June 21, 2015 (20 days after the close of discovery). (Doc. 59.) The summary judgment deadline was then extended

1

twice, resulting in the deadline being August 20, 2015. (Docs. 67, 71.)

3. The Defendants filed a motion for summary judgment on August 20, 2015. (Doc. 73.) On August 21, 2015, the Court issued a Summary Judgment Notice, which specified that

> The Court will decide the motion on the basis of the motion, the response, and any evidentiary materials filed by the parties. The response and any supporting evidentiary materials (counter-affidavits, depositions, exhibits, etc.) must be filed **with the Clerk within 30 days from the date of this Order**. The Court will take the motion under advisement after the expiration of 30 days, and will thereafter issue an order on the motion.

(Doc. 74 (emphasis retained).)

4. On September 23, 2015, the Plaintiff filed his response to the motion. In this response, the Plaintiff filed a declaration from inmate Darien James. (Doc. 79 at 45-46.) Inmate James alleged that Defendant Paul uttered a verbal threat towards all the inmates in the dorm. (Id.)

5. On or about December 21, 2015, the Court issued a report and recommendation, which recommended that summary judgment be denied regarding defendants Marks and Nunez, and granted regarding Defendant Paul. (Doc. 80.)

6. On January 6, 2016, the Plaintiff filed the instant motion to supplement the record with the declaration of inmate Douglas D. Andry. (Doc. 83.) Inmate Andry alleged that he witnessed Paul "verbally abusing, threatening, harassing and

2

retaliatng against [unspecified] inmates." (Doc. 83 at 4-6.)

## **MEMORANDUM OF LAW**

Plaintiff evidence is untimely submitted and is irrelevant cumulative evidence that should not be considered in ruling on the motion for summary judgment. According to the Court's local rule on motions for summary judgment

> Parties are required to file and serve affidavits and any other documents or materials authorized to be filed under the Federal rules of Civil Procedure prior to the advisement. Only those documents and evidentiary materials in the record prior to the advisement date will be considered in ruling on the motion.

N.D.Fla. Rule 56.1(B) (effective prior to Nov. 24, 2015). In the Court's Summary Judgment Notice, the parties were notified of the advisement date and that evidence submitted thereafter will not be considered in ruling on the motion. (Doc. 74.)

In this circumstance, the Plaintiff has filed a declaration that he labels as an affidavit, see 28 U.S.C. § 1746, which he filed three months after the advisement date, and after the report and recommendation was issued. This declaration is untimely and should not be considered by the Court in ruling on the motion for summary judgment in accordance with the Court's local rule and Summary Judgment Notice.

Also, because it is irrelevant and inadmissible under Federal Rule of Evidence 403, the Defendants object to it being considered when ruling on the motion for summary judgment. Macuba v. Deboer, 193 F.3d 1316 (11th Cir. 1999) (finding that

3

if a fact cannot be presented in a form that would be admissible in evidence, it cannot be used for purposes of summary judgment); see Rule 56(c), Fed. R. Civ. P. Specifically, Andry's declaration is substantially similar to James' declaration. (Compare Doc. Doc. 79 at 45-46 with Doc. 83 at 4-6.) Regarding Defendant Paul, the claims against him are that he retaliated against the Plaintiff when he was present when Defendant Marks alleged uttered threats on the 20th and 29th days of June, 2013, and when he inquired about a grievance on August 20, 2013. (Doc. 34 at 7-8, 11, ¶¶ 4-5, 8; Doc. 73-8 at 6-7 (35:23 - 36:07).) Given the claims raised by the Plaintiff in this case, evidence that Paul has threatened unspecified inmates has weak evidentiary value (declaration from James). As such, cumulative evidence from inmate Andry on similar unspecific threats would substantially outweigh the probative value of such evidence.

**WHEREFORE**, for the foregoing reasons, the Defendants respectfully request an order from the Court that denies Plaintiff's "Motion to Supplement the Record with the Attached Affidavit and Exhibit" (Doc. 83).

Respectfully submitted,

**PAMELA JO BONDI**
**ATTORNEY GENERAL**

/s/ Marcus O. Graper
**MARCUS O. GRAPER**
**Assistant Attorney General**
**Florida Bar No. 0044049**
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
marcus.graper@myfloridalegal.com

## CERTIFICATE OF WORD COUNT

**I hereby certify** that, in accordance with Northern District of Florida local rule 7.1(F), the total word count for this motion and memorandum is less than 8000 words.

/s/ Marcus O. Graper
MARCUS O. GRAPER

## CERTIFICATE OF SERVICE

**I hereby certify** that the foregoing *Defendants' Response to Plaintiff's Motion to Supplement the Record* has been furnished by U.S. Mail to *pro se* **Conraad Hoever, DC# L85966**, Madison Correctional Institution, 382 S.W. MCI Way, Madison, Florida 32340, on the 20th day of January, 2016.

/s/ Marcus O. Graper
MARCUS O. GRAPER

5