UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CONRAAD L. HOEVER,

    *Plaintiff*,

v.                                    Case No. 4:13cv549-MW/GRJ

MARKS, ET. AL,

    *Defendants*.
_____/

**ORDER ON REPORT & RECOMMENDATION**

This case concerns a state prisoner's claims that prison guards threatened him in retaliation for exercising his First Amendment right to file grievances with prison authorities. Plaintiff is Conraad Hoever, a prisoner housed at the Franklin Correctional Institution ("FCI"). The remaining Defendants are FCI corrections officers Robert Marks, John Nunez, and Caleb Paul. These Defendants move for summary judgment on Plaintiff's First Amendment claims and also assert a defense of qualified immunity. The magistrate judge recommends that summary judgment on these claims be granted as to Defendant Paul but denied as to Defendants Marks and Nunez. Plaintiff objects as to Defendant Paul.

1

The magistrate judge also recommended a denial of qualified immunity. Defendants Marks and Nunez object to the denial of qualified immunity. This Court has reviewed the objections de novo, without hearing. This order sustains Plaintiff's objection, overrules Defendants' objection, adopts the report and recommendation in part and rejects it in part, grants Plaintiff's motion to supplement the record, and denies Defendants' motion for summary judgment.

I

As a starting point, the parties do not object to the magistrate judge's conclusion that genuine disputes of material fact exist as to whether Defendants Marks and Nunez threatened Plaintiff in retaliation for filing grievances. Accordingly, this Court fully adopts those conclusions.

II

The first objection comes from Plaintiff. ECF No. 82. The magistrate judge concluded that no reasonable jury could find that Defendant Paul's actions penalized Plaintiff for protected speech. ECF No. 80, at 28. Plaintiff says that there is evidence that Defendant Paul assisted with Defendant Marks's threats. This Court agrees.

The basis of Plaintiff's claims are three incidents on June 20, June 29, and August 20, 2013. In his complaint Plaintiff swore to the following facts about the June 20 incident:

> [D]uring game 7 of the NBA finals, Defendants Marks and Paul came to the dorm (E-l), they were not assigned to work in E-dorm that night, and took Plaintiff to the vestibule (setting him apart) and threatened Plaintiff indicating that he must stop writing grievances because (Defendant) Bellellis had a stack of Plaintiff's grievances on his desk and that he (Defendant Bellelis) does not come to work to answer Plaintiffs grievances. They thrusted upon Plaintiff to promise that he would not write anymore grievances against prison officials because only on that account would they let him go and not taking him to confinement (where apparently Defendant Marks was working) or *face severe consequences for his remaining eleven (11) years in prison by their hands*. Then when Plaintiff told them that he would not write anymore grievances, they told him that based on that account, he could go.

ECF No. 34, at 7–8 (emphasis added). Plaintiff testified at a deposition that Defendant Paul was present on June 20 when Defendant Marks made threats toward Plaintiff. According to Plaintiff,

> [Defendant Paul] participated in the threat, or he was standing there. [Defendant Paul] and Colonel Marks came and they got me out of the TV room, into the vestibule. And the two were standing to me. Paul wasn't saying anything. Marks did all the talking.
>
> . . .
>
> That's when they did all the conversation, threatening me not to write any more grievances because Colonel Bellelis is not coming to work to file grievances and

3

> that if I write grievances and things, S-H-I-T is going to roll down from the hill, and it's going to come upon me. I have 11 years. He asked me how much time I have. I said I have about 11 more years.

ECF No. 73-8. Plaintiff testified that on June 29, Defendant Paul did this:

> Paul was there. Paul was standing far off watching him approaching me. But he came with Paul. They both came together. But, again, Paul did not say anything. He stood far off watching. And Paul came—and Marks came to me, spoke, said that, and went back, and then he and Paul took off.

ECF No. 73-8, at 8. Plaintiff said that Defendant Paul was 20-30 feet away. *Id*. at 9. The magistrate judge concluded that Defendant Paul's presence at these encounters was not enough to make a claim for retaliation. ECF No. 80, at 28. Likewise, the magistrate judge concluded that because Defendant Paul only *asked* Plaintiff about filing a grievance on August 20, that action would not deter a prisoner of ordinary firmness from filing additional grievance.

As to the June 29 and August 20 incidents, this Court agrees and adopts the magistrate judge's conclusions. But this Court disagrees about the June 20 incident.

In his objection Plaintiff points to the criminal law concept of aiding and abetting liability. That is the wrong framework. But Plaintiff more broadly makes the point that Defendant Paul was

4

not merely present but was participating and assisting with Defendant Marks's threats towards Plaintiff.

Under ordinary concepts of tort liability a person is liable if he "does a tortious act in concert with the other or pursuant to a common design with him." Restatement (Second) of Torts § 876 (1979); *see generally* Prosser & Keeton, *The Law of Torts* § 46 (5th ed. 1984). As to the June 20 incident, there is evidence that Defendant Paul helped Defendant Marks take Plaintiff into the vestibule and provided backup while Defendant Marks made the verbal threat. A prison guard may exert authority with his presence alone. His presence while a threat is made by another guard gives more credence to the threat. And Defendant Paul's intent to act in concert with Defendant Marks might be established by evidence indicating that he threatened other inmates. *See* ECF No. 79, at 45–46; ECF No. 83, at 4. In such circumstances, a reasonable jury could find that Defendant Paul was not merely present but was a part of a retaliatory act sufficient to deter a prisoner of ordinary firmness. As to the June 20 incident, this Court concludes that Defendant Paul is not entitled to summary judgment on Plaintiff's First Amendment claim.

III

The next objection concerns Defendants' claim of qualified immunity. The magistrate judge concluded that a corrections officer threatening an inmate with physical violence to prevent the inmate from exercising First Amendment rights was a violation of clearly established law. ECF No. 80, at 31. Defendants say they cannot find any authority "that would qualify as clearly established law that would have placed them on notice that their alleged verbal threats would be sufficient to qualify as the adverse action for a retaliation claim." ECF No. 81, at 9.

The affirmative defense of qualified immunity is a shield against liability for government actors, prohibiting civil damages for torts committed while performing discretionary duties unless their conduct violates a clearly established statutory or constitutional right. *Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2008). It "gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2085 (2011). In sum, qualified immunity "protects all but the plainly incompetent or those who

knowingly violate the law." *Id.* (quotation omitted). It is an immunity from suit, not just a defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

To receive qualified immunity, the defendant public official must prove as a threshold matter that he or she was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. *Courson v. McMillan,* 939 F.2d 1479, 1487 (11th Cir. 1991) (quoting *Rich v. Dollar,* 841 F.2d 1558, 1563–64 (11th Cir. 1988)). There is no dispute that Defendants were acting within the scope of their discretionary authority.

With this established, the burden shifts to the plaintiff. *Id.* A plaintiff must show (a) a violation of a constitutional right; and (b) that the right was clearly established at the time of the defendant's alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).[1] Courts have discretion to decide which of these "should be

---

[1] The decisions of the Supreme Court of the United States and the United States Court of Appeals for the Eleventh Circuit can clearly establish the law in this circuit. *McClish v. Nugent*, 483 F.3d 1231, 1237 (11th Cir. 2007). Clearly established law in this circuit may also include "court decisions of the highest state court in the states that comprise this circuit as to those respective states, when the state supreme court has addressed a federal constitutional issue that has not been addressed by the United States Supreme Court or the Eleventh Circuit." *Courson*, 939 F.2d at 1498 n.32.

addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

As to the second prong, a defendant "can be held liable only if the law so clearly established the wrongfulness of his conduct that any reasonable official in his place would have understood that he was violating the plaintiff's constitutional rights." *Singletary v. Vargas*, 804 F.3d 1174, 1181 (11th Cir. 2015). The Supreme Court has repeatedly said "not to define clearly established law at a high level of generality . . . since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (U.S. 2014) (quotation and citation omitted). But a "judicial precedent with materially identical facts is not essential for the law to be clearly established." *Singletary*, 804 F.3d at 1184 (quotation omitted). "Authoritative judicial decisions may establish broad principles of law that are clearly applicable to the conduct at issue, and it may also be obvious from . . . constitutional statements that certain conduct is unconstitutional." *Id.* (quotation omitted).

It is easy to get lost in these cases and lose sight of the point. In a Fourth Amendment case, for example, factual specificity in

8

prior cases is important because whether a use of force was reasonably proportionate at the time depends so much on all of the circumstances. For there to be fair warning, the prior rule announced usually has to cover similar facts. In a First Amendment retaliation case, like this one, there are no facts that would justify a corrections officer threatening physical violence to prevent the inmate from filing grievances with prison authorities. The issue is only what level of retaliation becomes constitutionally significant.

It is clearly established that "[a] plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Bennett v. Hendrix*, 423 F.3d 1247, 1254 (11th Cir. 2005). "First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment." *Boxer X v. Harris*, 437 F.3d 1107, 1112 (11th Cir. 2006). Threatening an inmate with physical violence easily fits within these statements of principle such that any reasonable corrections officer would know that such conduct is unconstitutional. The Eleventh Circuit's decision in *Pittman v. Tucker*, 213 F. App'x 867, 871 (11th Cir. 2007), reflects this point even if it

does not establish it on its own. Defendants are not entitled to qualified immunity.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's motion to supplement, ECF No. 83, is **GRANTED**.

2. Except for Part IV.A.3 of the report and recommendation, ECF No. 80, it is **ACCEPTED** and **ADOPTED** as this Court's opinion. The report and recommendation is **REJECTED** as to Part IV.A.3.

3. Defendants' motion for summary judgment, ECF No. 73, is **DENIED**.

4. The case is remanded to the Magistrate for further proceedings.

**SO ORDERED on January 29, 2016.**

        <u>s/Mark E. Walker</u>   
        **United States District Judge**