UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF FLORIDA, TALLAHASSEE DIVISION,

CONRAAD L. HOEVER,
    Plaintiff,

VS.                                Case no.: 4:13-CV-549-MW-GRJ

ROBERT MARKS, et.al.,
    Defendants.
                                    /

## MOTION TO COMPEL

Comes now, Plaintiff, Conraad L. Hoever, acting pro se, and respectfully moves this Honorable Court with this instant "motion to compel" in the above-styled case to compel the Florida Department of Corrections (FDOC), by Mr. Dean Peterson, to process Plaintiff's request for an "Inter Library Loan" and to produce the materials requested [as part of the discovery process in this case], and states in support thereof the following:

1. Plaintiff received an order from the District Judge (The Honorable Mike Walker) that his tort liability claim(s) against Defendant Paul were in context plausible, but misplaced in the usage of the legal framework presented. He directed Plaintiff/parties to the legal resources which contained the standards for "Tort Liability." <u>See</u> the District Judge's order Adopting in Part, Rejecting in part and Sustaining Plaintiff's Objection.

1

2. The prison library does not have those resources in its inventory. Pursuant to F.A.C. 33-501.301, Plaintiff may file a "Law Library Interlibrary Loan Request" commonly called an "Interlibrary loan" or "I.L.L." to obtain such materials when they fit within the categories embodied or as defined by this above-mentioned Rule (F.A.C. 33-501.301).

3. Plaintiff contends that he filed that request (I.L.L.) that fell within the category for approval. See Exhibit 1 (grievance exh. A)

4. Mr. Dean Peterson at FDOC's Central Office disapproved of the request citing erroneously that it did not fit the request category. See Exhibit 1.

5. Plaintiff filed an emergency grievance, pursuant to F.A.C. 33-103.007. See Exhibit 2 at 1 (grievance and grievance response (exhibit 2 at 1 and 2 respectively).

6. Ms. Tony Bowden, Representative of the Secretary, in Central Office, returned the grievance without action, indicating, in error, that the grievance did not meet the criteria of emergency and that Plaintiff were to follow the [normal] inmate grievance procedure as set forth by F.A.C. 33-103. See Exhibit 2 at 2. Thus, beginning with an informal grievance at the Institution.

7. Plaintiff avers that Ms. Bowden was in error for several reasons;
   a) The grievance fits the category of emergency because Plaintiff explained that he had a deadline to meet of February 23, 2016 (he had to file the status report in this above-styled case and needed [needs] that information to set the status).

2

b) It was impossible to meet the deadline going through the [normal] inmate grievance procedure set by F.A.C. 33-103 (keeping in mind that a response is not required (and often not met) until 10 days after receipt (not the date the inmate files or dropped it off, which was February 10, 2016) of which ten (10) days also exclude the time for mailing and returning it to the inmate. That would have been the time to initiate the process of the grievance would it be approved.

c) Filing the grievance at the prison (at the Institutional level) would be of minor to no effect because Mr. D. Peterson does not work at or for the institution, but rather oversees the institutions' library operations. i.e. no one at the prison is authorized or above Mr. Peterson to direct him to perform.

8. Assuming, Arguendo, that the information requested would not be categorized as primary resource, as defined by F.A.C. 33-501.301, Plaintiff would still need such information as by order of the Court's direction, or for himself to make his case, and would still be able, as a prisoner in the custody of FDOC, to request it from FDOC, when the need exists to make his case.

9. The materials requested would in no way prejudice [in and of itself], or inconvenience FDOC to supply it or provide Plaintiff the materials, or distort the prison or FDOC's normal operations. However, as it appeared to Plaintiff and as some Courts have observed and suggested, FDOC has the tendency to withhold and/or deny legitimate requests

3

from inmates and/or to extend assistance to them when they rely on information in FDOC's possession or the Department's assistance to inmates to litigate causes that may not be in the interests, favorable, or conducive to the Department.

10. Plaintiff asserts that those are rhetorical scemes FDOC implements to illegitimately devise defenses and obscure misconduct of its personnel of which most occur by deliberate misinterpretation, improper rejection, an effort to cause unnecessary delay, and to weary inmates of filing grievances.

11. On the other hand, as Plaintiff experienced, FDOC will assist and go beyond its responsibility or obligation to provide irrelevant information to the Attorney General's Office to be used against inmates in pursuing prison officials' defenses. e.g. The Attorney General, in this cause, received irrelevant testimony (declarations) from Rebecca Villanueva (classification officer at Madison C.I) and Ms. Johnson (classification official at Central Office) in this case, just to name a few, who in no way had relevant or able to present legitimate defenses to the Defendants in this case.

12. Plaintiff asserts that he needs this information as part of presenting his causes in Court.

13. **WHEREFORE**, based on the aforementioned, Plaintiff respectfully PRAYS with this Honorable Court to Compel FDOC, by Mr. Dean Peterson, to provide him with the information requested in the ILL request in an expeditious manner such

4

that he [Plaintiff] can have it to make his case against the Defendants in this cause, and/or, based on the aforementioned, GRANT him any and all other relief this Honorable Court deems equitable regarding this matter.

Respectfully submitted,

Conraad L. Hoever DC#L85966
Plaintiff, pro se
Madison Corr. Inst.
382 SW MCI Way
Madison, FL. 32340-4430

## VERIFICATION.

I DECLARE UNDER THE PENALTY OF PERJURY that I have read the foregoing and that the statement of facts therein are true and correct.

Conraad L. Hoever DC#L85966
Plaintiff, pro se.

## CERTIFICATE OF SERVICE

I HEREBY DECLARE that I placed true and correct copies of this instrument in the hands of mailroom personnel at Madison Corr. Inst. for mailing via First-class prepaid mail to; 1) Clerk of Court, U.S. District Court, N.D. of Florida 401 S.E. 1st Ave., Suit 243, Gainesville, Florida 32601-6805 , 2) Office of the Attorney General, The Capitol, PL-01, Tallahassee, Florida 32399-1050 and, 3) Florida Dept. of Corrections General Counsel, 501 S. Calhoun street, Tallahassee, Florida 32399-2500 on this 29th day of February 2016.

Conraad L. Hoever DC#L85966
Plaintiff, pro se.

5

## LAW LIBRARY INTERLIBRARY LOAN REQUEST

**Name & DC#:** Hoever, Conraad DC# L85966    **Dorm/Bed:** G2104 S

**Institution:** Madison Corr. Inst.    **Date Submitted:** 2-3-2016

**Is this a "Deadline" Request?**  ☐ Yes  ☒ No    **Date of Court Deadline:** _____

**SPECIFIC REQUESTS:** Requests for court decisions, statutes, or rules from another state, or other primary source legal material not in any FDC law library collection will only be ordered from Florida State University Law Library if access to same is necessary to prepare legal documents for submission to courts that challenge judgements and sentences or prison conditions in the Department. Provide a written justification for the request in the space below.

**Complete Title:** The Law of Torts § 46 (5th ed.)(1984) by Prosser & Keeton.

**Complete Citation:** N/A

**Justification (FSU requests only):** The court cited these two paragraphs that are needed to establish Tort Liability of a person who assists in the commission of a tortious act.
I need the concept to apply such [law] in civil applications

**SHEPARDIZING/LEGAL RESEARCH:** Only submit requests to have Florida or federal cases Shepardized. For Shepardizing, provide the complete citation to be Shepardized and a detailed statement of the point of law being researched. For legal research, state the question, point of law, or legal issue to be researched. Include any information resources you have already researched. (Attach continuation pages, if necessary.)

"[A person is liable if he] 'does a tortious act in concert with the other or pursuant to a common design with him.'" From Torts §876, (1979)

**RECEIVED**

**FEB 3 2015**

**LIBRARY SERVICES**

EMAIL
2-8-16

### STAFF USE ONLY. CENTRAL OFFICE REVIEW (FSU REQUESTS ONLY).

**Request is:** ☐ Approved  ☒ Disapproved    **Reviewer:** Dee Peterson    **Date:** 2-5-16

**Reason for Disapproval:** NOT PRIMARY.

DC5-152 (Revised 6/16/09)    Incorpated By Reference in Rule 33-501.301, F.A.C.    Exhibit 1 (EXHIBIT A)

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED FEB 18 2016 DEPARTMENT INMATE GRIEVANCE

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☐ Warden   ☐ Assistant Warden   ☒ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

Hoever, Conraad L. — L85966 — Madison C.I.
Last  First  Middle Initial    DC Number       Institution

Part A – Inmate Grievance     16-6-07167

This is an emergency grievance, directed to Mr. Dean Peterson's response to my Interlibrary Loan Request, due to an established deadline.

On February 2, 2016, I received (a) cited source(s) from the Court in the case Hoever v. Marks, et.al., 4:13-CV-549-MW-GRJ, of what is required to establish "Tort Liability."

At the time the Court issued that order (on January 29, 2016), I had no deadline. I knew it was coming, and I timely filed on February 3, 2016, an Interlibrary Loan Request, pursuant to F.A.C. 33-501.301(6)(b) that entitles me to that request "to trace the status of a Court decision," to acquire that information. See exhibit A. Whether or not a deadline was established, I needed that info.

The Court, now, issued a subsequent order on February 2, 2016, entering a deadline of February 23, 2016, which I received on February 8, 2016, and I need that same information to meet the February 23, 2016, deadline.

I went to the Library Supervisor on February 9, 2016, regarding the request and he handed me exhibit A by which Dean Peterson disapproved the request, citing that it is "not Primary."

Mr. Dean Peterson's disapproval for "not primary" is amiss according to F.A.C. 33-501.301(2)(P), which defines "Primary source material" in part as "legal research materials that constitute the law or have the force of Law" and court decisions;" Thus, that include my requested info in the Court's decision.

I filed this emergency grievance to obtain this information timely and in accordance with the time limitation set forth by F.A.C. 33-103.007(6)(b): Emergency Grievances.

2/10/2016
DATE

DC# L85966
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:  ___0___ / _____
                                                                          #        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

FEB 12 2016  Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____   Institutional Mailing Log #: 16-036

_____
(Received By)

DISTRIBUTION:   INSTITUTION/FACILITY      CENTRAL OFFICE
                INMATE (2 Copies)         INMATE
                INMATE'S FILE             INMATE'S FILE - INSTITUTION/FACILITY
                INSTITUTIONAL GRIEVANCE FILE   CENTRAL OFFICE INMATE FILE
                                          CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)      Incorporated by Reference in Rule 33-103.006, F.A.C.    Exhibit 2

MAILED/FILED
WITH AGENCY CLERK

FEB 19 2016

Department of Corrections
Bureau of Inmate Grievance Appeals

## PART B - RESPONSE

| HOEVER, CONRAAD | L85966 | 16-6-07167 | MADISON C.I. | I1123L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

NOTE: This grievance is not accepted as a grievance of an emergency nature.

Your request for administrative appeal is in non-compliance with the Rules of the Department of Corrections, Chapter 33-103, Inmate Grievance Procedure. The rule requires that you first submit your grievance at the appropriate level at the institution. You have not done so or you have not provided this office with a copy of that grievance, nor have you provided a valid or acceptable reason for not following the rules.

Upon receipt of this response, if you are within the allowable time frames for processing a grievance, you may resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure.

Based on the foregoing information, your appeal is returned without action.

T. Bowden

_____        _____        2/19/16
SIGNATURE AND TYPED OR PRINTED NAME OF        SIGNATURE OF WARDEN, ASST.        DATE
EMPLOYEE RESPONDING                            WARDEN, OR SECRETARY'S
                                               REPRESENTATIVE

Conraad L. Hoever
DC# L85966
MADISON CORRECTIONAL INSTITUTION
382 SW M.C.I. Way
MADISON, FL 32340-4430

MAILED FROM
MADISON CORRECTIONAL
INSTITUTION



U.S. POSTAGE >> PITNEY BOWES
ZIP 32340 $ 000.70⁵
02 1W
0001379831 FEB 29 2016

Clerk of Court
U.S. District Court
N.D. of Florida
401 S.E. 1st Avenue
Suite 243
Gainesville, FL 32601-6805

LEGAL MAIL
ONLY