IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CONRAAD L. HOEVER,**

    Plaintiff,

v.                                                Case No.: 4:13-cv-549-MW-GRJ

**MARKS, et al.,**

    Defendants.
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL THE DEPARTMENT OF CORRECTIONS**

Defendants Marks, Nunez, and Paul ("Defendants"), through undersigned counsel, pursuant to Rule 37, Federal Rules of Civil Procedure ("FRCP"), and FRCP 45, respond in opposition to the Plaintiff "Motion to Compel" (Doc. 92) and respectfully request for the Court to deny the motion. Defendants state that good cause exists for denying Plaintiff's motion as follows:

**Memorandum of Law and Argument**

In this 42 U.S.C. § 1983 action, the Florida Department of Corrections ("FDC") is not a party. The Plaintiff (Hoever") is proceeding as indigent under 28 U.S.C. §1915. (Docs. 2, 4.) On February 29, 2016, Hoever filed/served a motion by U.S. Mail entitled "Motion to Compel." (Doc. 92.) See Rule 7.1(E), N.D.Fla. Loc. R.;

1

Rule 6(d), Fed. R. Civ. P. (response due on Thursday, March 17, 2016, due to service by U.S. Mail). In the instant Motion to Compel, Hoever seeks the Court to compel a non-party employee of the FDC, Mr. Dean Peterson, to produce Inter Library Loan ("ILL") materials that Hoever sought via an inmate's ILL request. (Doc. 92.)

The material sought by Hoever was "The Law of Torts § 46 (5th ed.) (1984) by Prosser & Keeton," which Hoever specified was not related to a Court deadline. (Id. at 6.) The ILL request was denied as "not primary." (Id.) In response to the denial, Hoever filed a direct grievance to the Office of the Secretary of the FDC, alleging that the need for the ILL was grounds for an emergency grievance due to a Court deadline, which was denied as not accepted as a grievance of an emergency. (Id. at 7-8.)

"Primary source material [is] legal research materials that constitute the law or have the force of law. These include constitutions, statutes, treaties, administrative rules, court rules, and court decisions." Rule 33-501.301(1)(p), Fla. Admin. Code. Requests for additions to a law library collection will be "reviewed according to the material's primary research value." Id., subsection (5)(f). An inmate's request for an ILL may only be made for primary source material. Id., subsection (6)(c).

An emergency grievance is "[a] grievance of those matters which, if disposed of according to the regular time frames, would subject the inmate to substantial risk
2

of personal injury or cause other serious and irreparable harm to the inmate." Rule 33-103.002(4), Fla. Admin. Code. The FDC has established a grievance procedure in the Florida Administrative Code, §§ 33-103.001 to 33-103.019. Chandler v. Crosby, 379 F.3d 1278, 1288 (11th Cir. 2004). The grievance process generally involves a three step process starting with an informal grievance on a DC6-236 form, followed by a formal grievance on a DC1-303 form, and completed by the submission of a grievance appeal on DC1-303 form. See Rules 33-103.005-.007, Fla. Admin. Code. Yet an inmate may directly file an emergency grievance with the Office of the Secretary of the FDC. Rule 33-103.007(6)(a), Fla. Admin. Code.

A request for production of documents may only be served on a party, but can be served on non-parties pursuant to FRCP 45. Rule 34, Fed. R. Civ. P. Discovery from a non-party requires the service of a subpoena on the non-party. Rule 45, Fed. R. Civ. P. A motion to compel a non-party may be directed at a non-party. Rule 37, Fed. R. Civ. P. However, a subpoena requires service fees, and such fees cannot be advanced under the prisoner indigency statute (28 U.S.C. § 1915). Smith v. Fla. Dep't of Corr., 369 F. App'x 36, 38 (11th Cir. 2010) (per curiam) (unreported op.) (citing Lloyd v. McKendree, 749 F.2d 705, 706-07 (11th Cir. 1985) (per curiam)). A district court can properly deny a motion to compel a non-party discovery when the prisoner-plaintiff fails to submit proof of service of the subpoena. Id.

For injunctive relief,[1] the district court must determine whether the moving party has established: (a) there is a substantial likelihood of success on the merits; (b) injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the injunction would cause to the non-movant; and (d) the injunction would not be averse to the public interest. Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam) (footnote and citation omitted). The party seeking injunctive relief has the burden of persuasion, and must prove all of four of the prerequisites. Cunningham v. Adams, 808 F.2d 815, 819 (11th Cir. 1987); Sony Music Entm't, Inc. v. Global Arts Productions, 45 F. Supp. 2d 1345, 1347 (S.D.Fla.1999). Both preliminary and permanent injunctive relief require a showing of irreparable injury will occur unless the injunction is issued. Angel Flight of Ga., Inc. v. Angel Flight America, Inc., 522 F.3d 1200, 1208 (11th Cir. 2008); Alabama v. U.S. Army Corps of Eng'rs, 424 F.3d 1117, 1128 (11th Cir. 2005).

Regarding the "irreparable injury" component, preliminary injunctive relief is to preserve the status quo between the parties until the merits of the case can be reviewed. Jackson v. Crews, No. 3:13cv174/MCR/CJK, 2013 WL 3339917, at *2

---

[1] While the motion is entitled as a motion to compel, the relief sought in the motion is more akin to a motion for injunctive relief. (See Doc. 92.)

(N.D.Fla. July 2, 2013) (unpublished order) (citing Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994), All Care Nursing Service, Inc. v. Bethesda Memorial Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989), and United States v. State of Ala., 791 F.2d 1450, 1457 n.9 (11th Cir. 1986)). The relief sought through the injunction must be closely related to the instant action. Jackson, supra (citing Devose, 42 F.3d at 471, and Penn v. San Juan Hosp. Inc., 528 F.2d 1181, 1185 (10th Cir. 1975)); Hull v. Comm'r of Social Security, No. 2:07-cv-166-FtM-34DNF, 2008 WL 2369821, at *2 (M.D.Fla. June 10, 2008) (unpublished order).

Next, the persons that the relief is sought from must be parties to the underlying action. Jackson, supra (citing In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842-43 (11th Cir. 1995)); Burns v. First. Am. Trustee Servicing Solutions, LLC, No. C 11-0023 CW, 2011 WL 175503, at *2 (N.D.Cal. Jan. 19, 2011) (unpublished order) ("If Plaintiffs seek a preliminary injunction, they must serve the summons and complaint on any Defendant against whom relief is sought."). If those persons are not defendants, the court cannot grant meaningful relief via any injunction. Rhodes v. Stewart, 488 U.S. 1, 3-4, 109 S. Ct. 202 (1988) (the court can only enter relief that is meaningful "if it affects the behavior of the defendant toward the plaintiff) (quoting Hewitt v. Helms, 482 U.S. 755, 761, 107 S. Ct. 2672 (1987)); see Harris v. Evans, 20 F.3d 1118, 1121 (11th Cir. 1994)

5

(for standing to seek judicial relief in federal court there must be a case or controversy, whereas a plaintiff must be able to show that the alleged injury "is likely to be redressed by a favorable ruling"). Also, an injunction can only be sought through an official capacity claim. Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441 (1908); Hall v. Jarvis, No. 3:10-cv-442-J-99MMH-TEM, 2011 WL 971125, at *6 (M.D.Fla. Mar. 2, 2011) (unpublished op.) (holding that injunctive and declaratory relief are considered to be official capacity claims, not individual capacity claims, and citing Edwards v. Wallace Cmty. College, 49 F.3d 1519, 1524 n.9 (11th Cir. 1995)).

There is no jurisdiction of a federal court unless there is a case and controversy. Mingkid v. U.S. Attorney Gen., 468 F.3d 763, 768 (11th Cir. 2006) (citation omitted). The 'cases and controversies' requirement affects whether a plaintiff has standing, if the case is not yet ripe for adjudication, or if the controversy is moot. Dermer v. Miami-Dade County, 599 F.3d 1217, 1220 (11th Cir. 2010) (citations omitted); Smith v. Allen, 502 F.3d 1255, 1266-67 (11th Cir. 2007) (abrogated on other grounds by Sossoman v. Texas, 563 U.S. 277, 131 S. Ct. 1651, 1657 (2011))). Ripeness will not exist if "a party alleges a concrete injury but has not exhausted prescribed administrative remedies." Elend v. Basham, 471 F.3d 1199, 1205 (11th Cir. 2006). All prisoner claims must be exhausted through administrative remedies before seeking judicial intervention. 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516,

532, 122 S. Ct. 983 (2002); Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012) (unreported op.). Completion of the exhaustion requirement means properly completing each step of the prison's grievance procedures. Jones v. Bock, 549 U.S. 199, 219, 127 S. Ct. 910 (2007); Johnson v. Meadows, 418 F.3d 1152, 1158 (11th Cir. 2005); Zolicoffer v. Scott, 55 F. Supp. 2d 1372, 1375 (N.D.Ga. 1999) ("The exhaustion requirement mandates a good faith, bona fide effort to comply with [the grievance] procedures for obtaining an administrative remedy."), affirmed, 252 F.3d 440 (11th Cir. 2001).

In this circumstance, for multiple reasons, Hoever's motion to compel must be denied. First, he has failed to show that the non-party FDC has been served any subpoena. Second, FDC has not violated any rule because the material sought by Hoever is not primary material, but it is instead a secondary source cited within another secondary source, a Restatement (see Doc. 87 at 5). Third, to the extent that Hoever seeks injunctive relief, the Court also cannot grant meaningful relief because the his request for injunctive relief is against non-parties, is against defendants sued in their individual capacities, and is for relief (an ILL) outside the ability of the defendants, who are merely sued as an employees in the individual capacity. Also, the second factor above demonstrates the lack of Hoever's likelihood of success on the merits. Fourth, Hoever has not exhausted administrative remedies because he has

not properly followed the grievance process. As such, the issue in this 'motion to compel' is not ripe for adjudication.

**WHEREFORE**, for the foregoing reasons, defendants Marks, Nunez, and Paul respectfully request that Plaintiff's Motion to Compel (Doc. 92) be denied.

Respectfully submitted,

**PAMELA JO BONDI**
**ATTORNEY GENERAL**

/s/ Marcus O. Graper
**MARCUS O. GRAPER**
**Assistant Attorney General**
**Florida Bar No. 0044049**
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
marcus.graper@myfloridalegal.com

## CERTIFICATE OF WORD COUNT

**I hereby certify** that, in accordance with Northern District of Florida local rule 7.1(F), the total word count for this response and memorandum is less than 2000 words.

/s/ Marcus O. Graper
MARCUS O. GRAPER

## CERTIFICATE OF SERVICE

**I hereby certify** that the foregoing *Defendants' Response to Plaintiff's Motion to Compel the Department of Corrections* has been furnished by U.S. Mail to *pro se* **Conraad Hoever, DC# L85966**, Madison Correctional Institution, 382 S.W. MCI Way, Madison, Florida 32340, on the 16th day of March, 2016.

/s/ Marcus O. Graper
MARCUS O. GRAPER