IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CONRAAD L HOEVER,

    Plaintiff,

v.                                    CASE NO. 4:13-cv-549-MW-GRJ

R MARKS, et al.,

    Defendants.

_____/

# O R D E R

Pending before the Court are two motions to compel filed by Plaintiff: (1) Plaintiff's Motion to Compel, ECF No. 90, and (2) Plaintiff's Motion to Compel, ECF No. 92. Defendants have filed responses to both motions, ECF Nos. 93 & 94, and, therefore, the motions are ripe for review. For the reasons discussed below, Plaintiff's motions to compel are due to be denied.

## I. DISCUSSION

Plaintiff initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's remaining claims are against Defendants Marks, Paul, and Nunez, and concern retaliation against Plaintiff for writing grievances. Discovery in this case began on March 3, 2015 and ended on

July 1, 2015.  (ECF Nos. 59, 66, & 67.)  Defendants filed a motion for summary judgment on August 20, 2015.  (ECF No. 73.)  The Court issued a report and recommendation granting the motion for summary judgment as to Defendant Paul but denying the motion as to Defendants Marks and Nunez.  (ECF No. 80.)  The District Judge adopted the report and recommendation in part on January 29, 2016, instead denying summary judgment as to all Defendants.  (ECF No. 86.)

The case was remanded to the undersigned, and the Court directed the parties to file a status report reflecting whether a second discovery period was necessary.  (ECF No. 87.)  The parties filed their status reports, and Plaintiff included a motion to compel within his report.  (ECF Nos. 89 & 90.)  Defendants have filed their response to the motion.  (ECF No. 93.)

Pursuant to the recent amendments to Federal Rules of Civil Procedure 26(b)(1), parties may obtain discovery on any nonprivileged matter "that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of

the proposed discovery outweighs its likely benefit." Proportionality is no longer just a factor to consider, but rather defines the scope of discovery. Discovery must now be both proportional and relevant to the case. If the requested discovery fails either definition, the Court may deny the discovery request.

Plaintiff requests the following documents in his first motion to compel:

> (1) [T]he employee files . . . for Plaintiff to review their educational and training credentials and information regarding investigations, reprimands, disciplinary and/or corrective actions taken against them. Such information is material to establish their habit of Rule violations.
>
> (2) The investigations, investigative results and dispositions of the Inspector General's reports and investigations in the cases in their files that reflect similarly related acts that are material to establish and present to the jury to determine what infringements, level of abuse, and deprivation of Plaintiff's rights were a direct result of Defendants' misconduct and whether there is sufficient proof to establish a custom of intentional misconduct or gross negligence . . . or that it was motivated by evil motion or intent or callous indifference to the federally protected rights of Plaintiff.
>
> (3) The video recorded footage of the data and time of the incidents that are material to support, corroborate, refute, or dispute the claims.

The second motion to compel is directed towards the Department and the denial of an Inter Library Loan request ("ILL") for a treatise, The

Law of Torts, Prosser & Keath (5th ed. 1984).

Defendants raise several arguments supporting a denial of Plaintiff's motions. With respect to the motion directed against Defendants, they argue that Plaintiff has not filed the motion in good faith, that no video recordings of the retaliation incidents exists, that Plaintiff's request for personnel files is irrelevant, overbroad, and is not likely to lead to admissible evidence, and that his request for all related Inspector General investigations is also irrelevant, overbroad, and is not likely to lead to admissible evidence. Defendants also argue that Plaintiff's request for Inspector General Investigations is unduly burdensome and would require an Department employee to review each document for any connection to the allegations in this case.

As to Plaintiff's motion to compel the Department, Defendants argue that the ILL request was properly denied, that Plaintiff did not file proof of service of a subpoena, that Plaintiff has not met the standard for injunctive relief, and that Plaintiff failed to exhaust his administrative remedies. The Court will address each argument below.

### (1) Good faith and failure to confer

Based on the representations of Defendants, Plaintiff served a

request for production on April 21, 2015, which included a request for employee files, written statements/reports/investigations related to the incidents of retaliation, and video recordings of the incidents of retaliation listed in the Complaint.  Defendants objected to the first two requests and responded to Plaintiff's request for video recordings by stating that they were unable to locate recordings of the retaliation incidents, but that they would provide an amended response in the event that the recordings were located.  The objections, generally, were that the requests were overly broad, not reasonably calculated to lead to the discovery of admissible evidence, as seeking confidential, security related information, and as unduly burdensome, among other objections.

     Defendants represent that after receiving these objections and responses, Plaintiff did not confer with counsel and did not file a motion to compel during the initial discovery period.  This motion to compel is the first filed by Plaintiff and was filed seven months after the close of discovery.  Defendants argue that Plaintiff failed to follow the rules of discovery, specifically Fed. R. Civ. P. 37(a)(1), which requires that a party confer with the opposing party prior to filing a motion to compel.  Defendants also argue that Plaintiff failed to comply with the instructions in the scheduling

order that no motion to compel be filed after the close of discovery.

As Defendants point out, discovery in this case ended on July 1, 2015 at the request of the parties.  Plaintiff's request for production was served on April 21, 2015, and Defendants served objections and responses on June 25, 2015.   Plaintiff did not file the instant motion until February of 2016.  Defendants argue that this demonstrates a lack of diligence on Plaintiff's part and that accordingly, any request for additional discovery should be denied because Plaintiff cannot show good cause for an extension.

While Plaintiff's motion was filed almost eight months after the close of the first discovery period, this does not by itself foreclose his motion. Defendants' objections and responses (although they were timely) were served only several days before the close of discovery on July 1, 2015. The Court expressly stated in its scheduling order that a brief second discovery period would be provided for claims going to trial.  While Plaintiff's motion was filed several months after the close of the first discovery period, this does not necessarily evidence a lack of diligence on his part, as he was aware that the Court would provide a second discovery period for claims that advanced to trial. The filing of the motion several

*Case No: 4:13-cv-549-MW-GRJ*

months after the closing of the first discovery period, by itself, is not a reason to deny the motion.

By Defendants' representations, however, Plaintiff did not attempt to confer with counsel for Defendants at any point regarding the objections and response to his request for production, despite having about eight months to do so prior to filing this motion.[1] Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that a motion to compel include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Defendants argue that Plaintiff has failed to do so.

The Local Rules, as amended on November 24, 2015, do not require incarcerated, *pro se* parties to confer with the opposing party before filing a motion. N.D. Fla. Loc. R. 7.1(B). Although it is preferable that Plaintiff make an attempt to confer with the opposing party about the requested discovery prior to filing a motion, the Court recognizes that the incarcerated

---

[1] While the first discovery period closed only several days after Defendants served their objections and responses on Plaintiff, Plaintiff had the opportunity to file a motion for extension of the discovery period in anticipation of conferring with Defendants and preparing a motion to compel.

*Case No: 4:13-cv-549-MW-GRJ*

status of Plaintiff makes conference difficult. Accordingly, Plaintiff's failure to confer with the opposing party, standing alone, is not a reason to deny his motions in this case.

**(2) The request for video**

Plaintiff's request for production included a request for Department video recordings of the retaliation incidents at issue. Defendants responded that the videos in question could no longer be located, and Plaintiff filed the instant motion for the Court to compel disclosure of the videos.

As related by Defendants, the Florida Department of Corrections follows a specific procedure for retaining videos—Video Cameras/Segregation Housing Unit Fixed Camera Videotape and Digital Video Maintenance and Retention Procedure (Procedure No. 602.033). Defendants explain that for a video to be retained past the initial thirty day retention period, the inmate must request that the video be kept by formal grievance. (ECF No. 93-5 at 1-7.) After the request, the video is reviewed to determine whether is supports the inmate's claim—if it does not, the video is not retained. *Id.*

Defendants state that in the grievances Plaintiff submitted regarding

these retaliation claims, he never requested that video recordings of the encounters be retained. (ECF No. 93-3 at 1-10.) Thus, in accordance with Department procedure, the videos were not kept.

Defendants have shown that the requested videos do not exist, and they cannot be compelled to produce what no longer exists. Thus, this portion of the motion of compel is due to be denied.

### (3) The request for employee files

Plaintiff's next request for production is for the employee files of Defendants in this case. Plaintiff states specifically that he seeks the files for information relating to investigations, reprimands, disciplinary and/or corrective actions taken against them, which he intends to use to establish a "habit of Rule violations." Defendants objected to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, irrelevant, as containing confidential information that may create a security risk if released, as inadmissible "bad act" evidence and inadmissible "habit" evidence, and to the extent that he seeks free copies.

As discussed above, Rule 26 of the Federal Rules of Civil Procedure (as amended in December of 2015) requires that discoverable information be relevant to any party's claim or defense and proportional to the needs of

the case. Defendants argue that Plaintiff has not shown how any document in Defendants' personnel records are relevant to Plaintiff's allegations and that all information pertaining to incidents, investigations, or other disciplinary or corrective action is likely inadmissible at trial.

The key issue is whether the information Plaintiff requests—the personnel files—contains information that is relevant, meaning "relevant to any party's claim or defense" as stated in Rule 26. Plaintiff has failed to demonstrate how Defendants' personnel files are relevant, other than saying that he intends to use information in the files as evidence of Defendants' "habit of Rule violations."

Any alleged Rule violations that Plaintiff believes are discoverable within Defendants' personnel files would not be relevant to this case. Plaintiff's claims here concern a set of encounters with Defendants in which he alleges that they threatened him against filing grievances. Any other "Rule violation" that Plaintiff might discover in the personnel files does not lend any support to whether Plaintiff's allegations against Defendants in this case are true. Furthermore, the uses that Plaintiff contemplates for this discovery—either habit evidence or prior "bad acts" evidence—would likely be inadmissible at trial. *See Zaken v. Kelley*, 370

F. App'x 982 (11th Cir. 2010)(stating that the district court did not abuse its discretion by excluding evidence of police officer's prior incidents of excessive force under Fed. R. Evid. 404(b) because the plaintiff had not shown how they were relevant to his cause of action, except to show propensity or bad character);

     Moreover, although information within the scope of discovery does not need to be admissible to be discoverable, as Defendants point out, public policy weighs against the discovery of personnel files. Personnel files are discoverable only if "(1) the material sought is clearly relevant and (2) the need for discovery is compelling because the information sought is not otherwise readily obtainable." *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 685-86 (M.D. Ala. 1998)(quoting *Cooperman v. One Bancorp*, 134 F.R.D. 4 (D.Me. 1991)). Public policy weighs against disclosure because personnel files hold private information, such as the employee's social security numbers, medical records, and other confidential materials. As discussed, Plaintiff has not shown that the discovery is "clearly relevant," nor has he shown that the information could not be obtained through other methods. Accordingly, Plaintiff's motion is due to be denied as to his request for Defendants' personnel files.

*Case No: 4:13-cv-549-MW-GRJ*

### (4) The request for the Inspector General's reports and investigations

Plaintiff also requests the "investigations, investigative results and dispositions of the Inspector General's reports and investigations in the cases in their files that reflect similarly related acts . . . ." Plaintiff requests these documents to show a custom of intentional misconduct or gross negligence. Defendants object to the request as unduly burdensome, in addition to the objections made to Plaintiff's request for Defendants' personnel files.

As with Plaintiff's previous request, this request has little relevance to Plaintiff's claims in this case. Inspector General reports or investigations for other events that Defendants were involved with have little bearing on the threats alleged in this case. Furthermore, Plaintiff states that he intends to use this discovery as evidence of a "custom of intentional misconduct or gross negligence," in the manner of habit evidence. While Plaintiff is permitted to discover inadmissible evidence, this discovery is unlikely to lead to anything admissible at trial.

In addition to the fact that the requested discovery is irrelevant to the remaining issues in this case, the request is disproportionate to the needs

of this case. As Defendants point out, the request requires that the Department review all reports and investigations by the Inspector General involving Defendants for responsiveness. Given the nature of the case (a civil rights trial for nominal damages based on alleged threats) and the fact that any responsive information would be at best only marginally relevant, the request is not proportionate to the needs of the case and is unduly burdensome on the Department. This request, therefore, is due to be denied.

### (5) The request for "The Law of Torts (5th ed.)(1984) by Prosser & Keeton" through Inter Library Loan

Plaintiff filed a second motion to compel, this time against the Department, for receipt of "The Law of Torts (5th ed.)(1984) by Prosser & Keaton" through an Inter Library Loan ("ILL") request. (ECF No. 92.) Plaintiff includes with his motion the ILL request and the emergency grievance that he filed after his ILL request was denied. (ECF No. 92 at 7-9.) The grievance was denied as not in compliance with the Department's grievance procedures.

Defendants, in their response, argue that the motion should be denied for several reasons: (1) inmates may only make ILL requests for

primary source material, per the Florida Administrative Code; (2) Plaintiff failed to submit proof of service of a subpoena on the Department, pursuant to Fed. R. Civ. P. 45; (3) to the extent that Plaintiff's motion is one for injunctive relief, he has not established either "irreparable injury" and the Department is not a party to this action; and (4) Plaintiff has not exhausted his administrative remedies.[2]

This motion to compel requests discovery from a non-party, the Department. The proper method to obtain discovery from a non-party is issuance of a subpoena under Fed. R. Civ. P. 45. *See* Fed. R. Civ. P. 34; Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2452 (3d ed.). Rule 45 requires that any party issuing a subpoena on a non-party provide proof of service by filing a statement with the Court containing the date and manner of service and the names of the persons served, certified by the server.

Plaintiff has not shown that he has served a subpoena on the Department requesting "The Law of Torts (5th ed.)(1984) by Prosser &

---

[2] Because the Court concludes that Plaintiff's motion should be denied for several reasons, the Court will not address Defendants' arguments that Plaintiff failed to exhaust his administrative remedies and Plaintiff's ILL request was not for primary source material.

Keaton."  The Court may deny a motion to compel discovery from a non-party when a prisoner-plaintiff fails to submit proof of service of the subpoena.  *Smith v. Florida Dep't of Corrections*, 369 F. App'x 36, 38 (11th Cir. 2010).  Plaintiff has also failed to tender service fees for the subpoena, which would not be waived by Plaintiff's *in forma pauperis* status.  *Lloyd v. McKendree*, 749 F.2d 705, 706-07 (11th Cir. 1985)(28 U.S.C. § 1915(c) does not abrogate the requirement that service fees be tendered before service of the subpoena).  Plaintiff's motion therefore is due to be denied because Plaintiff has not shown that he has served a subpoena on the Department prior to filing this motion.

Defendants, also construing Plaintiff's motion to compel as a motion seeking injunctive relief, argue that Plaintiff has not met the standard for this Court to enter an injunction.  Granting or denying a preliminary injunction is a decision within the discretion of the district court.  *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.,* 112 F.3d 1125, 1126 (11th Cir. 1997)*,* citing *United States v. Lambert,* 695 F.2d 536, 539 (11th Cir. 1983)*.*  Guiding this discretion is the required finding that plaintiff establish:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant;  and

(4) that granting the injunction would not disserve the public interest.

*Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000)*; Carillon Importers, Ltd.,* 112 F.3d at 1126*; United States v. Jefferson County,* 720 F.2d 1511, 1519 (11th Cir. 1983)*.*  A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff.  *Jefferson County,* 720 F.2d at 1519, citing *Canal Auth. v. Callaway,* 489 F.2d 567 (5th Cir. 1974)*.*

To the extent Plaintiff seeks injunctive relief, however, it is improper against non-parties such as the Department.  In his motion, he requests that Dean Peterson, an employee of the Department, provide him with the book he requested in the ILL.  Rule 65(d), which governs motions for a preliminary injunction, provides *inter alia*: "Every order granting an injunction and every restraining order . . . is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys,

and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Fed. R. Civ. P. 65(d).  "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L. Ed. 2d 129 (1969) (citation omitted)*.*  This Court must have jurisdiction over a party to adjudicate a claim.  Therefore, the individuals and entities that Plaintiff seeks relief from in his motion—the Department and Dean Peterson—would not be bound by an order issued by this Court.

Furthermore, Plaintiff has failed to meet the high standard required for granting injunctive relief.  With respect to the requirement that Plaintiff show a "substantial threat of irreparable injury," Plaintiff has failed to establish this element.  The threat of injury must be "neither remote nor speculative, but actual or imminent."  *Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla*., 896 F.2d 1283, 1285 (11th Cir. 1990)(quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 973 (2d Cir. 1989)).  The injunctive relief requested must also be

related to the allegations in the Complaint. *Lewis v. Casey*, 518 U.S. 343, 357 (1996); *Missouri v. Jenkins*, 515 U.S. 70, 88-89 (1995).

Plaintiff's request for the treatise was based on an order entered by the District Judge discussing the claims against Defendant Paul and citing "The Law of Torts." Plaintiff claims that he needs the treatise in order to "make his case." Any threat of injury, however, is remote or speculative, as it relates to Plaintiff losing his case at trial because he did not have access to the treatise. This is not "actual or imminent" threat of injury if Plaintiff does not receive this treatise. Rather, the request is based on Plaintiff's speculation that he cannot present one of his claims adequately if he does not have access to the treatise. Furthermore, the injunctive relief requested is entirely unrelated to the allegations in Plaintiff's Complaint, which concern threats made by several employees of the Department.

On this basis, any request for injunctive relief made by Plaintiff is due to be denied, and Plaintiff's motion to compel against the Department is also due to be denied.

## II. CONCLUSION

Accordingly, upon due consideration, it is **ORDERED**:

1. Plaintiff's motions to compel, ECF Nos. 90 & 92, are **DENIED.**

2. The Clerk is directed to refer this case to the District Judge to set for trial.

**DONE AND ORDERED** this 24th day of March, 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge