# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**CONRAAD L. HOEVER,**

    Plaintiff,

v.                                                                    Case No.: 4:13-cv-549-MW-GRJ

**MARKS, et al.,**

    Defendants.

_____/

## PRETRIAL STIPULATION

PURSUANT TO the Order for Pretrial Conference (Doc. 98), Plaintiff Hoever (*pro se*), and defendants Marks, Nunez, and Paul (hereinafter "Defendants"), through undersigned counsel, met together on the 21st and 28th days of July, 2016, and conferred telephonically on August 9, 2016, for the purposes set forth in paragraph II of said Order, and stipulate to the following:

### A.   Basis for federal jurisdiction:

This Court has jurisdiction of the federal claims under Title 28 U.S.C. §§ 1331, 1343(a)(3), and 1391(b). Plaintiff also asserts (see Section I herein), which Defendants' dispute, that jurisdiction exists pursuant to 28 U.S.C. § 1367. See Rule 302, Fed. R. Evid.

1

**B.     A concise statement of the nature of the action:**

Plaintiff Conraad Hoever brings this action for nominal damages pursuant to Title 42 U.S.C. §§ 1983 and 1997e, against Defendant Robert Marks, Defendant Caleb Paul, and Defendant John Nunez, in their individual capacities, alleging that the Defendants violated the Plaintiff's constitutional rights under the First and Fourteenth Amendments to the United States Constitution by retaliating against the Plaintiff for his grievances.

**C.     A brief general statement of each party's case:**

*1.     Plaintiff's Statement of the Case*: Plaintiff Conraad Hoever ("Hoever") was at all times mentioned in the complaint a prisoner at Franklin Correctional Institution ("CI") in the custody of the Florida Department of Corrections ("FDC") under custodial authority of the Defendants. He was transferred to Madison CI in December of 2013, as a direct consequence of Defendants' actions; where he is currently housed.

Hoever will demonstrate that Defendant Paul made physical threats with the use of chemical agents to inmates in E-Dormitory on June 6, 2013, and that he has a custom of threatening inmates.

Hoever will demonstrate that Defendants Marks and Paul entered E-Dorm on June 20, 2013, ordered him to the vestibule and threatened him, and that at that time

he had many grievances he filed before and had two grievances pending at that time.

Hoever will demonstrate that Marks and Paul entered E-Dorm on June 29, 2013, to make a follow-up threat to him to stop writing grievances.

Hoever will demonstrate that Defendant Nunez selectively got him out of the lunch feeding line, put him to stand in the sun by the fence, fed him last, and followed by issuing a death threat to Hoever if he did not immediately stop writing grievances and imposed the seriousness thereof by showing him a tattoo that he is in a killing gang killing "people like you."

Hoever will demonstrate that Defendant Nunez approached him on August 2, 2013, and threatened him as a consequence of filing complaint(s) regarding the previously mentioned incidents.

Hoever will testify that on August 20, 2013, Defendant Paul intimidated him regarding grievances Hoever would have written against him.

In short, Hoever will demonstrate that the defendants abused their custodial authority to thrust him to thwart his protected conduct to complaint about the conditions of his incarceration.

2. *Defendants' Statement of the Case:* Plaintiff ("Hoever") cannot demonstrate a First Amendment claim for retaliation. Hoever has been in the custody of the FDC since April 27, 2010, and is serving a 15 year sentence for the criminal

3

conviction of lewd and lascivious molestation of a person between 12 and 16 years of age. Hoever was housed at Franklin CI from February 27, 2010, to December 12, 2013; was assigned to bunk 1107U in E-dormitory from April 15, 2013, to August 17, 2013; and assigned to cell 2105U in A-dormitory from August 17, 2013, to September 13, 2013. The allegations against the Defendants can be discussed in two separate chain of events.

First, Hoever cannot demonstrate the facts alleged in this case against defendants Marks and Paul. Hoever alleges that these defendants threatened him in E-dormitory during the night shift at Franklin CI on the following days: the 6th, 20th, and 29th days of June, 2013. These two defendants were assigned to Franklin CI on the three aforementioned days during the night shift. Hoever also alleges that Paul threatened him in A-dormitory on August 20, 2013, during the night shift at Franklin CI. Paul was assigned to the night shift on this day. On June 6, 2013, Caleb Paul ("Paul") was a correctional officer assigned to Internal Security, entered E-dormitory once late at night, and did not issue any threats of physical harm to anyone. On June 20, 2013, Paul was the housing sergeant assigned to E-dormitory and did not issue any threats of physical harm to anyone. On June 20, 2013, Robert Marks ("Marks") was the housing officer to H-dormitory, did not enter E-dormitory, and did not issue any threats of physical harm to anyone. On June 29, 2016, Marks was assigned as the

4

housing officer to H-dormitory and had a secondary assignment as a member of the Emergency Response Team, which was composed of several other correctional officers. He entered E-dormitory with the Emergency Response Team, but did not interact with Hoever in any way and did not threaten Hoever. On June 29, 2016, Paul was the housing sergeant assigned to E-dormitory, but did not witness Marks interact with Hoever in any way. On August 20, 2013, Paul did not enter A-dormitory on or about the time alleged by Plaintiff, and did not threaten Hoever in any way.

Second, Hoever cannot demonstrate the facts alleged in this case against Defendant Nunez. Hoever alleges that this defendant threatened him in the Mess Hall at Franklin CI during the day shift on the following days: July 20, 2013, and August 2, 2013. This defendant was assigned to Mess Hall Supervision at Franklin CI on the two aforementioned days during the day shift. On July 20, 2013, Sergeant John Nunez ("Nunez") interacted with Hoever in the Mess Hall, but did not threaten him in any way and did not show him a tattoo close to his armpit to indicate that the tattoo signified that he was in a gang with Paul. On August 2, 2013, Nunez did not threaten Hoever in any way.

5

## D. A list of all exhibits to be offered at the trial, noting any objections thereto and the grounds for each objection:

### 1. *Joint List of Exhibits*:

| Exhibit | Description | Objection(s) |
|---|---|---|
| - | Plans of E dormitory [demonstrative only, not entered into evidence due to security reasons. | No objection |
| 1 | Brotherhood Logo, "Speaks Whitetails" version | No objection |

### 2. *Plaintiff's List of Exhibits:*

| Exhibit | Description | Objection(s) |
|---|---|---|
| 1 | Affidavit by Douglas Andry, DC# 413069, dated January 8, 2016 | Hearsay, Relevance, Incompetent Witness |
| 2 | Affidavit by Darian James, DC# 516200, dated August 12, 2015 | Hearsay |
| 3 | Affidavit by Edwin Nunez, DC# W31575, dated July 18, 2012 | Hearsay, Relevance, Incompetent Witness |
| 4 | Affidavit by Arthur Phillips, DC# 434046, dated June 18, 2012 | Hearsay, Relevance, Incompetent Witness |
| 5 | Affidavit by Neakill Johnson, DC# 269799, dated August 23, 2012 | Hearsay, Relevance, Incompetent Witness |
| 6 | Affidavit by Richard Davidson, DC# 908940, dated June 29, 2013 | Hearsay |

| | | |
|---|---|---|
| 7 | Affidavit by George Rivera, DC# 033406, dated June 24, 2015 | Hearsay, Relevance, Incompetent Witness, Prejudice Outweighs Probative Value |
| 8 | Affidavit by Randal Obanion, DC# C06160, dated August 23, 2012 | Hearsay, Relevance, Incompetent Witness |
| 9 | Following Miami Herald newspaper article, dated June 22, 2016: "Inmate's brutal death unpunished" | Hearsay, Relevance, Prejudice Outweighs Probative Value |
| 10 | Following Miami Herald newspaper article, dated June 28, 2016: "Prison whistleblower cleared of wrongdoing" | Hearsay, Relevance, Prejudice Outweighs Probative Value |
| 11. | Photograph of John Nunez displaying tattoo on his upper right arm | Hearsay |
| - | Any document necessary for rebuttal and/or impeachment purposes. | Pl. incorporates the corresponding objections raised herein |
| - | Any exhibit listed and/or used by Defendants. | Pl. incorporates the corresponding objections raised herein |

*3.   Defendants' List of Exhibits:*

| Exhibit | Description | Objection(s) |
|---|---|---|
| 1 | Certified judgment and sentence for inmate Conraad Hoever (DC# L85966) | Relevance |
| 2 | Certified judgment and sentence for inmate Darian James (DC# 516200) | Relevance |
| 3 | Certified judgment and sentence for inmate George Rivera (DC# 033406) | Relevance |
| 4 | Certified judgment and sentence for inmate Reginald Bailey (DC# 485787) | Relevance |

7

| | | |
|---|---|---|
| 5 | Certified judgment and sentence for inmate Richard Davidson (DC# 908940) | Relevance |
| 6 | Certified judgment and sentence for inmate Douglas Andry (DC# 413069) | Relevance |
| 7 | Certified judgment and sentence for inmate Edwin Nunez (DC# W31575) | Relevance |
| 8 | Duty Roster for June 6, 2013, Night Shift | No objection |
| 9 | Housing Log, E-dormitory, June 6, 2013, Night Shift | Contains inaccurate information |
| 10 | Duty Roster for June 20, 2013, Night Shift | Contains inaccurate information |
| 11 | Housing Log, E-dormitory, June 20, 2013, Night Shift | Contains inaccurate information |
| 12 | Duty Roster for June 29, 2013, Night Shift | Contains inaccurate information |
| 13 | Housing Log, E-dormitory, June 29, 2013, Night Shift | Contains inaccurate information |
| 14 | Duty Roster for August 20, 2013, Night Shift | Contains inaccurate information |
| 15 | Confinement Housing Unit Log, A-dormitory, August 20, 2013, Night Shift | Contains inaccurate information |
| 16 | Secure Housing Unit Log, A-dormitory, August 20, 2013, Night Shift | Contains inaccurate information |
| 17 | Inspection of Special Housing Record for August 20, 2013 | No objection |
| 18 | Duty Roster for July 20, 2013, Day Shift | No objection |
| 19 | Outdoor Channel, Michael Waddell's Bone Collector Website | Relevance, misleading |

| | | |
|---|---|---|
| 20 | Images from Internet of Bone Collector Brotherhood Logos | Relevance, misleading |
| 21 | Duty Roster for August 2, 2013, Day Shift | No objection |
| 22 | Transcripts of Plaintiff's deposition, dated May 27, 2015 | No objection |
| - | Any document necessary for rebuttal and/or impeachment purposes. | Def. incorporates the corresponding objections raised herein |
| - | Any exhibit listed and/or used by Plaintiff. | Def. incorporates the corresponding objections raised herein |
| - | Plans of A dormitory [demonstrative only, not entered into evidence due to security reasons. | No objection |

**E.    A list of names and addresses of all witnesses including rebuttal and expert intended to be called at the trial:**

   1.    *Plaintiff's List of Witnesses:*

      a.    Conraad Hoever, DC# L85966 (Plaintiff)

      b.    Douglas Andry, DC# 413069

      c.    Reginald Bailey, DC# 485787

      d.    Darian James, DC# 516200

      e.    Richard Davidson, DC# 908940

      f.    Edwin Nunez, DC# W31575

      g.    George Rivera, DC# 033406

9

      h.    James Padgett, Inspector General's Office

      i.    John Ulm, Inspector General's Office

2. *Defendants' List of Witnesses:*

      a.    Robert Marks (Defendant)

      b.    John Nunez (Defendant)

      c.    Caleb Paul (Defendant)

      d.    Tomilee Babb

      e.    Carl Bankston

      f.    Catherine Barber

      g.    Brandi Benton

      h.    Threasa Clayton

      i.    Joshua Corder

      j.    Thomas Deal

      k.    Nina Decourcey

      l.    Kevin Hampton

      m.    Christian Hathcock

      n.    Jared Hewitt

      o.    Jerrod Hunter

      p.    James Kelley

    q.    James Messer II

    r.    Megan Millender

    s.    Kenneth Paynter

    t.    Timothy Segree

    u.    Dave Wallace

    v.    Christopher Wilson

    w.    Wesley Wilson

    x.    Any records custodian necessary to introduce records

    y.    Any witness necessary for impeachment.

    z.    Any witness listed by the Plaintiff for which there is no objection

**F.** **A concise statement of facts which are admitted and will require no proof at trial, together with any reservations directed to such admissions:**

| Facts | Reservations |
|---|---|
| 1. Venue and jurisdiction are proper in this Court. | None. |
| 2. The alleged events at issue took place at Franklin Correctional Institution ("CI") of the Florida Department of Corrections ("FDC"). | Defendants deny that the events alleged by Plaintiff occurred. |

11

| | |
|---|---|
| 3. The Plaintiff, Conraad Hoever, on all times material was and is currently, a prisoner incarcerated with the FDC, and currently resides as an inmate at Madison CI in Madison, Florida. Hoever's FDC identification number is "L85966" (i.e., DC# L85966). | None. |
| 4. Defendants Robert Marks, John Nunez, and Caleb Paul were, at all times material, in active duty as correctional officers employed by the FDC, were assigned to Franklin CI, and are sued in their individual capacities. | Defendants admit that they are named as defendants and are sued in their individual capacities, but deny that they committed any wrongdoing. |
| 5. At the time of the alleged events at issue, Defendants each had at least 3 years of experience as certified correctional officers. | None. |
| 6. At all times material hereto, Marks, Nunez, and Paul acted within the scope of their employment. | Defendants deny any wrongdoing while they acted within the scope of their employment. |
| 7. At all times material hereto, and in all of their acts described herein, Marks, Nunez, and Paul acted under color of law. | Defendants deny any wrongdoing while they acted under color of law. |
| 8. From April 15, 2013, to August 16, 2013, Hoever was assigned to bunk E1107U in E-dormitory | None. |
| 9. From August 17, 2013, to September 12, 2013, Hoever was assigned to cell A2105U in A-dormitory | None. |
| 10. From August 16, 2013, to September 30, 2013, Douglas Andry (DC# 413069) was assigned to cell A1211L in A-dormitory | None. |

12

| | |
|---|---|
| 11. From October 17, 2012, to September 8, 2013, Reginald Bailey (DC# 485787) was assigned to bunk E1159S in E-dormitory | None. |
| 12. From January 31, 2013, to July 30, 2013, Richard Davidson (DC# 908940) was assigned to bunk E1113L in E-dormitory | None. |
| 13. From February 7, 2013, to March 20, 2014, Darian James (DC# 516200) was assigned to bunk E1101L in E-dormitory | None. |
| 14. From February 12, 2013, to November 3, 2013, George Rivera (DC# 033406) was assigned to bunk E1149S in E-dormitory | None. |
| 15. Neakill Johnson (DC# 269799) was not assigned to either E or A dormitory during the events at issue | None. |
| 16. Edwin Nunez (DC# W31575) was not assigned to either E or A dormitory during the events at issue | None. |
| 17. Randal Obanion (DC# C06160) was not assigned to either E or A dormitory during the events at issue | None. |
| 18. Arthur Phillips (DC# 434046) was not assigned to either E or A dormitory during the events at issue | None. |
| 19. All certified judgment and sentence documents listed by the Defendants are authentic. | Pl. incorporates the corresponding objections raised herein |
| 20. All duty rosters and housing unit logs listed by the Defendants are authentic. | Pl. incorporates the corresponding objections raised herein |

13

| | |
|---|---|
| 21. The August 20, 2013, Inspection of Special Housing Record listed by the Defendants is authentic and admissible. | None. |
| 22. The Brotherhood Logo, "Speaks Whitetails" version listed by the Defendants is authentic and admissible. | None. |

**G.** **A concise statement of those issues of law upon which there is agreement:**

1. This is a Federal action, filed pursuant to 42 U.S.C. § 1983.

2. "The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (citing Thomas v. Evans, 880 F.2d 1235, 1242 (11th Cir. 1989)).

3. The First Amendment under the United States Constitution ("First Amendment") protects a prisoner from retaliation for exercising the "right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008).

4. To establish a retaliation claim, the plaintiff has the burden of proving that: "(1) his speech or act was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech;

14

and (3) there is a causal connection between the retaliatory actions and the adverse effect on speech." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011) (internal quotations and citations omitted).

5. Regarding the first element (and third element), a prisoner's filing of a grievance is protected speech under the First Amendment. Boxer X v. Harris, 437 F.3d 1107, 1112 (11th Cir. 2006); see, e.g., Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008).

6. Regarding the second element, the plaintiff must show that the defendant's conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights. Smith, 532 F.3d at 1277; Bennett v. Hendrix, 423 F.3d 1247, 1254 (11th Cir. 2005).

7. As to the third element, the plaintiff must show that "the alleged retaliatory conduct would not have occurred but for the retaliatory motive." Allen v. Sec'y, Fla. Dep't of Corr., 578 F. App'x 836, 840 (11th Cir. 2014) (unreported op.) (citing O'Bryant v. Finch, 637 F.3d 1207, 1217 (11th Cir. 2011)).

8. As to the third element, "[the lack of complaints about or grievances filed against a particular defendant undermines a claim of retaliatory motive." Johnston v. Young, No. 4:11-cv-00021-MP-CAS, 2014 WL

1303653, at *8 (N.D.Fla. Mar. 28, 2014) (slip copy) (citing Glenn v. Gillis, 5:12-cv-260-RS-GRJ, 2013 WL 4096206 (N.D.Fla. Aug.13, 2013), and Thomas v. Lawrence, 421 F. App'x 926, 929 (11th Cir. 2011) (unreported op.)).

9. If the plaintiff has shown all three elements of the retaliation claim, the burden shifts to the defendant(s) to show that the same action would be taken in the absence of the protective activity. Moton v. Cowart, 631 F.3d 1337, 1341-42 (11th Cir. 2011). If the defendant(s) meet this burden, the plaintiff's retaliation claim fails. Id.

10. In order to show a causal connection, the plaintiff must generally show that the defendant was aware of the protected conduct at the time of the adverse action. Brungart v. BellSouth Telecomm., Inc., 231 F.3d 791, 799 (11th Cir. 2000) (citing Goldsmith v. City of Atmore, 996 F.2d 1155, 1163 (11th Cir. 1993), and Raney v. Vinson Guard Serv., Inc., 120 F.3d 1192, 1197 (11th Cir. 1997)). "As with most facts, the defendant's awareness can be established by circumstantial evidence." Id. (citing Goldsmith, 996 F.2d at 1163).

## H. A concise statement of those issues of fact which remain to be litigated:

1. Whether Defendant Marks, Defendant Nunez, and/or Defendant Paul

16

threatened the Plaintiff.

2. Whether the actions of Defendant Marks, Defendant Nunez, and/or Defendant Paul rose to the level of a constitutional violation.

3. Whether Defendant Marks, Defendant Nunez, and/or Defendant Paul threatened Plaintiff Hoever in response to Hoever's protected speech.

4. Whether the actions of Defendant Marks, Defendant Nunez, and/or Defendant Paul would have deterred a person of ordinary firmness from the exercise of First Amendment rights.

5. Whether the actions of Defendant Marks, Defendant Nunez, and/or Defendant Paul were intentional, reckless, or negligent.

I. **A concise statement of those issues of law which remain for determination by the court:**

1. Whether Fla. Stat. § 768.72(2) (Pleading in civil actions; claim for punitive damages) can apply in this case? See Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, 746 F.3d 1008, 1135 (11th Cir. 2014), and Jackson v. Barnes, 749 F.3d 755, 762 (9th Cir. 2014) (citing Smith v. Wade, 461 U.S. 30, 56, 103 S. Ct. 1625 (1983)).

2. Whether Plaintiff may state a conspiracy claim under 42 U.S.C § 1983? Based on Grider v. City of Auburn, Ala., 618 F.3d 1240, 1260 (11th Cir.

17

2010).

3. Whether Plaintiff may seek damages based on the establishment of policy or custom by showing persistent and wide-spread practices. See Depew v. City of St. Mary's, Ga., 787 F.2d 1496, 1499 (11th Cir. 1986).

4. Whether the plaintiff need not show any actual injury beyond the free speech violation itself to state a constitutional claim for a free speech right to communicate. Al-Amin v. Smith, 511 F.3d 1317, 1333-35 (11th Cir. 2008) (Al-Amin I).

5. Whether the results of the Inspector General's investigations should be released [to Plaintiff] MINS 000500788 & 10-B.

## J. A concise statement of any disagreement as to the application of rules of evidence or of the Federal Rules of Civil Procedure:

1. There is no disagreement between the parties concerning the applicability of the Federal Rules of Civil Procedure.

2. There is no disagreement between the parties concerning the applicability of the Federal Rules of Evidence.

## K. A list of all motions or other matters which require action by the Court:

- The parties' motions in limine.

## L. A statement whether this is now a jury or a non-jury case:

18

- This is now a jury case.

**M.   Counsels' respective estimates of the length of the trial:**

1. Plaintiff's estimate (*pro se*):   three (3) days; and

2. Defendants' counsel estimate:   three (3) days.

**N.   The signature of counsel for all parties.**


Respectfully submitted,

<br>

**CONRAAD HOEVER,**
**DC# L85966**
_Madison Corr. Inst._
[prison name]
_382 SW MCI Way_
[street address]
_Madison_, Florida _32340_
[city]                    [zip code]
Plaintiff, *pro se*

_8/11/2016_
Date

**PAMELA JO BONDI**
**ATTORNEY GENERAL**

**MARCUS O. GRAPER**
**Senior Assistant Attorney General**
**Florida Bar No. 0044049**
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
marcus.graper@myfloridalegal.com
Attorney for Defendants Marks, Nunez, and Paul

_08/10/2016_
Date

19

## CERTIFICATE OF SERVICE

**I hereby certify** that, on the 11th day of August, 2016, the foregoing *Pretrial Stipulations* has been electronically filed with the Clerk of the Court by using the CM/ECF system; and that, on the 12th day of August, 2016, a true and correct copy of the foregoing will be furnished by U.S. Mail to inmate *pro se* **Conraad Hoever,** DC# L85966, Madison Correctional Institution, 382 S.W. MCI Way, Madison, Florida 32340.

MARCUS O. GRAPER