UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CONRAAD L. HOEVER,

    *Plaintiff*,

v.                                    Case No. 4:13cv549-MW/GRJ

ROBERT MARKS,
CALEB PAUL,
AND JOHN NUNEZ,

    *Defendants.*

_____/

**ORDER DENYING MOTION FOR NEW TRIAL**

    Defendants Marks and Paul filed an Amended Motion for New Trial on December 16, 2016.  ECF No. 161.  The amended motion was filed on the deadline provided.  *See* ECF No. 156.  Defendants contend the verdict was "against the great weight of the evidence, has resulted in a miscarriage of justice, and was based on evidence that was improperly admitted."  *Id*. at 2-3.

    Rule 59(a) permits a court to "grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a)(1)(A).  "A motion for a new trial may be granted if the district court judge believes the verdict rendered by the jury was contrary to the great

weight of the evidence." *Dudley v. Wal-Mart Stores, Inc.*, 166 F.3d 1317, 1323 (11th Cir. 1999) (citing *Rosenfield v. Wellington Leisure Prods., Inc.*, 827 F.2d 1493, 1497–98 (11th Cir. 1987)).

Here, summary judgment was denied because there was a genuine dispute of material fact. ECF. No. 86. The jury was, accordingly, called upon to resolve a factual dispute between the parties; namely whether Defendants intentionally violated Plaintiff's constitutional rights to free speech and to petition the Government for redress of grievances by threatening him because he filed prison grievances and lawsuits while he was incarcerated at Franklin Correctional Institution. The jury made credibility decisions and determined the facts, ultimately, crediting Plaintiff's version of the events over the Defendants' version. Plaintiff's testimony, corroborated or not, provided a sufficient evidentiary basis for the jury to have reasonably believed Plaintiff's version of the events.

Of course, "[a]lthough a trial judge cannot weigh the evidence when confronted with a motion [for judgment] notwithstanding the verdict, in a motion for a new trial the judge is free to weigh the evidence." *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016). This Court concludes that the verdict is not against the great weight of the evidence and there is no miscarriage of justice. This was nothing but an old-fashioned swearing match. Plaintiff's version of the facts rang true and the

Defendants' version did not and such a credibility determination was buttressed by the interaction of the Plaintiff and Defendants in open court. Moreover, contrary to Defendants' argument, Plaintiff's version of events was neither improbable nor impossible. Finally, Defendants' evidentiary arguments are equally unavailing.

As an aside, it bears noting that two of the eight jurors were closely aligned with the Florida Department of Corrections. Notably, one juror worked as a correctional officer for years and another was the daughter-in-law of the former Secretary of the Florida Department of Corrections who ran the Department for some twenty-five years.

For these reasons, the motion for a new trial is denied.

**SO ORDERED on January 23, 2017.**

s/Mark E. Walker<br>**United States District Judge**