UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CONRAAD L. HOEVER,

    Plaintiff,

vs.

R. MARKS, et al.,

    Defendants.

Case No. 4:13cv549-MW/GRJ

**PLAINTIFF'S UNOPPOSED MOTION
TO RECEIVE AN UNREDACTED TRANSCRIPT**

Plaintiff, CONRAAD HOEVER, through counsel, moves this Honorable Court to permit counsel to receive an unredacted copy of the trial transcript, and would show that no party opposes his motion[1] and would further show:

1. Volumes 1 and 3 were received by counsel for Plaintiff unredacted. However, Volume 2 was heavily redacted. One measure of the redactions is that the full first day of trial yielded 228 pages of transcript whereas the full second day yielded only 53 pages. (The third day was a partial day).

2. The last page of the first day was page 228. The first page of the second day was 254. It begins in mid-sentence. So, 25 pages are missing at the top. Presumably procedural issues are discussed in the morning. So it is not truly a redacted transcript. It is more a series of redacted excerpts of a transcript.

---

[1] Different defense counsel served at trial.

3. The redactions include the name of a shift, the time frame of the shift, the name of a dorm assignment, whether an unnamed witness has a clear line of sight to the entire dorm, whether events of the day would be entered in the dorm log, the kind of events that would be entered in a dorm log, whether it would show when officers enter or leave the dorm. With seeming randomness, some times and places remain unredacted.

4. Redactions include how many "sides" a particular (unnamed) dorm has and how many are visible from the officer's station, what "side" an officer was on from or to what time, what bunk a prisoner occupied, unidentified locations, what Internal Security does, how officers feed inmates.

5. From time-to-time whole sentences and whole paragraphs are redacted. As the transcript goes on, more and more long redactions occur, as if it were simply easier to redact a whole passage than several individual words. From time to time, the names of dorms and "sides" and bunks, and shifts, and times appear unredacted (original transcript p. 298, l. 8, 2; p. 318, l. 13, 14; p. 364, l. 2-3, 16; p. 365, l. 11; p. 369, l. 2, 5, 8, 10, 11, 12, 16, 18; p. 401, l. 24; p. 419, l. 23; p. 507, l. 21, 23, 24; p. 511, l. 17; p. 514, l. 2) as if the whole redaction exercise were not really considered deadly serious.[2]

---

[2] On the other hand, routine redaction of times and places represent a tremendous obstacle to discovery by plaintiffs since times and places are so frequently necessary to forming an over-

6. The exchanges subject to redaction are primarily how people get from one undisclosed place to another undisclosed place and what can be seen from one place to another and whether it would be possible to check whether the person were actually in that place or when they got there.

7. From time-to-time single pages or series of pages would be missing.

8. The redactions appear to be alternately rigid and careless. They all relate to things that happened in the past in facilities that are all pretty much designed alike, hiding information that is public information in other contexts.

9. Trial counsel in closing argument spoke about whether officers would be likely to "go out of your way and hassle, bother inmates . . ." ECF 149 at 31:25-32:3. They argued that, based on the logs and rosters, Ofcr. Paul did not enter the dorm twice, but only once. (Id. at 34:5-10); that Ofcr. Benton meticulously noted all the events in the log, that she could see everything in the dorm and Ofcr. Paul was not there. (Id. at 34:11-17); that Hoever testified Paul and Marks came to E-Dorm between 9 and 10 p.m., threatening Hoever for writing grievances but his witness Davidson said Nunez and Marks entered the Dorm at 2 p.m. but they do not work the same shift (Id. at 35:18-36:10); that Rivera said he heard Marks and Hoever but

---

view of events and timelines and so frequently constitute material evidence, and because the redaction process can create huge costs and delays in discovery that favor defendants.

      Hoever said he was in the vestibule alone with Marks, that Hoever said Paul was not supposed to be in the dorm but documents show he was assigned to the Dorm at that time (Id. at 36:11-25); that Ofcr. Dave Wallace said the log would show if someone entered the Dorm they sign in and out and Ofcr. Marks was not on the log (Id. at 37:9-16); that Hoever says Marks walked up to him near his bunk, while Paul watched from afar, and threatened him with physical harm while his corroborating witness was too far away to hear, and that Paul should not have been there at that time but documents say he should, and that Marks didn't enter side 1 but side 2 (Id. at 37:21-38:25); that Hoever states during chow, Nunez tells him to stand by the fence throughout chow and then threatens him, but the chow process is extremely busy and Hoever's witness isn't by the fence (and presumably couldn't have heard the exchange) (Id. at 39:20-40:19); that Hoever testifies that on August 20, around 2 a.m., Paul comes to his cell and threatens him but there is no record of Paul entering A Dorm at 2 a.m. that day. (Id. at 42:8-18).

10. In closing, counsel for Defendants freely refers to Dorms and Sides and times and shifts without exciting redaction concerns by Internal Security. The Motion to Redact was predicated on Fed.R.Civ.P. 5.2 and Local Rule 5.5 but redaction appears to be over-zealously though erratically executed.

11. The defense case was mostly about times and places and logs and procedures and line of sight. It would not be possible for one concerned with reviewing the public trial to determine whether the closing argument fully reflected the trial evidence and it is not possible for undersigned counsel.

12. Undersigned counsel will be participating in a settlement conference in this matter on July 14, 2021, and needs a better overview of the proceedings thus far to diligently and effectively serve his client in this case.

13. Undersigned counsel is grateful to defense counsel for their non-objection.

WHEREFORE, Plaintiff moves this Honorable Court to permit counsel to obtain an unredacted copy of the transcript for Day Two of the trial.

Respectfully Submitted,   s/ James V. Cook
JAMES V. COOK, ESQ.
Florida Bar Number 0966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
(850) 222-8080; 561-0836 fax
cookjv@gmail.com

Attorney for Plaintiff

I CERTIFY I conferred in good faith with opposing counsel who do not object.

I CERTIFY that the pertinent parts of this Filing do not exceed 1067 words.

I CERTIFY the foregoing was filed electronically on 7/2/2021, serving counsel of record registered to be notified by the CM/ECF electronic filing system.

/s/James V. Cook